387 So.2d 354 (1980)
Wilma PURK and Donald Purk, Appellants,
v.
FEDERAL PRESS COMPANY and Florida Machinery Corporation, Appellees.
No. 55214.
Supreme Court of Florida.
July 24, 1980.
*355 Law Offices of Cone, Owen, Wagner, Nugent, Johnson & McKeown and Larry Klein, West Palm Beach, for appellants.
Michael D. Stewart of Fleming, O'Bryan and Fleming, Fort Lauderdale, for Federal Press Co.
Joseph S. Kashi of Grimmett, Scherer & James, Fort Lauderdale, for Florida Machinery Corp.
BOYD, Justice.
This is an appeal from a final judgment of the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County in which that court passed upon the constitutionality of section 95.031(2), Florida Statutes (1975). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The trial court found that Federal Press Company manufactured and Florida Machinery Corporation sold and delivered a punch press machine to the plaintiff's employer, with delivery occurring no later than June 2, 1961. Wilma Purk was injured *356 using the machine on April 24, 1973. On April 13, 1976, Mrs. Purk brought this action alleging that the defectiveness and negligent manufacture of the machine caused her injury. The trial court entered summary judgment for the defendants on the ground that the statute of limitations bars the action.
On January 1, 1975, chapter 74-382, Laws of Florida, went into effect. This law was a general revision of the statute of limitations. Section 3 provides that an action for products liability must be begun within twelve years after the date of delivery of the completed product to its original purchaser regardless of the date the defect in the product was or should have been discovered.[1] Section 7 provides that an action based on the design, planning, or construction of an improvement to real property must be begun within four years of the accrual of the cause of action, "but in any event within twelve (12) years after the date of actual possession by the owner or the date of abandonment of construction if not completed, or upon completion or termination of the contract between the professional engineer, registered architect or licensed contractor and his employer."[2]
Section 36 of the law provides a savings clause by virtue of which an action that would have been barred by the new statute on its effective date was allowed until January 1, 1976 to be commenced.[3] Since the *357 appellants did not bring their action until April 13, 1976, the complaint was not timely.
The appellants contend that section 95.031(2) denies access to courts in violation of article I, section 21, Florida Constitution. In support of this proposition they cite Kluger v. White, 281 So.2d 1 (Fla. 1973), where we held
that where a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to Fla. Stat. § 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
Id. at 4.
In Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978), we were faced with the question of the validity of section 95.11(3)(c), Florida Statutes (1975). We held that the twelve-year limitation of actions founded on the design, planning, or construction of an improvement to real property, as applied in that case, did not deny access to courts by abolishing a cause of action in violation of article I, section 21, Florida Constitution. In the subsequent case of Overland Construction Co. v. Sirmons, 369 So.2d 572 (Fla. 1979), we held that section 95.11(3)(c), insofar as it provided an absolute bar to lawsuits brought more than twelve years after events connected with the construction of improvements to real property, did violate article I, section 21.
The majority opinion in Overland explained why the two cases were treated differently.
In Bauld, unlike the present case, the injury occurred prior to the enactment of section 95.11(3)(c), at a time when the applicable statute of limitations provided only that suit must be commenced within four years. When section 95.11(3)(c) took effect in 1975, two and one-half years of that period had elapsed, during which time an action could have been filed. Moreover, the savings clause of section 95.022 extended the deadline for instituting existing causes of action which would otherwise have been terminated by the new twelve year limitation for an additional year. Consequently, the absolute twelve year prohibitory provision did not operate to abolish Pearl Bauld's cause of action, but merely abbreviated the period within which suit could be commenced from four to three and one-half years. Although shortened, the time for bringing suit was found to be ample and reasonable; it was not forestalled altogether.
By contrast, Sirmons' cause of action was already barred by the twelve year limitation when it first accrued  that is, when his injuries occurred. No judicial forum would ever have been available to Sirmons if the twelve year prohibitory portion of the statute were given effect. Obviously, our decision as to the validity of the statute vis-a-vis Pearl Bauld would not operate to bar our declaring the same statute invalid vis-a-vis Jerry Sirmons.
369 So.2d at 574-75 (footnotes omitted).
The present case is like Bauld in that the injury occurred prior to the enactment of section 95.11(3)(c). The time for bringing suit was shortened, but the cause of action was not abolished. We hold that as applied here, section 95.11(3)(c) does not deny the right of access to courts.
The appellants contend that the statute denies equal protection by establishing a classification which has no rational relation to a proper state objective. A statute of limitation does not deny equal protection if it is based on a rational distinction among classes of persons. See, e.g., Gammon v. Cobb, 335 So.2d 261 (Fla. 1976). The above discussion of the distinction between Bauld and Overland demonstrates that the *358 statute treats differently persons in different circumstances. We hold that it does not deny equal protection.
The appellants contend finally that the statute violates article III, section 6, Florida Constitution, which requires that laws embrace but one subject and matter properly connected therewith, and that the subject be briefly expressed in the title. As presented by the appellants, this contention is not even colorably meritorious since they call our attention not to the title of the law in question but to the title or subject heading of chapter 95, Florida Statutes (1975). The title to chapter 74-382, Laws of Florida, reads in relevant part:
AN ACT relating to limitations of actions; creating sections ...; prescribing the periods of time for limitations; the conditions under which the periods of time apply, the times when actions accrue, the applicability of limitations and laches; repealing sections ...
Article III, section 6 does not require that the title contain a detailed explanation of every provision, but only that all matters dealt with in the body of the law be fairly related to the subject described in the title. State v. McDonald, 357 So.2d 405 (Fla. 1978); Town of Monticello v. Finlayson, 156 Fla. 568, 23 So.2d 843 (1946). The title is adequate if it is not misleading and is sufficiently detailed to put interested persons on notice reasonably leading to inquiry as to the contents of the act. King Kole, Inc. v. Bryant, 178 So.2d 2 (Fla. 1965); Wright v. Board of Public Instruction, 48 So.2d 912 (1951). The title of chapter 74-382 is sufficient.
The judgment is affirmed.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Section 3 of chapter 74-382 created section 95.031, Florida Statutes (1975), the section at issue in the instant case, which after an amendment not directly pertinent, chapter 75-234, Laws of Florida, provided as follows:

95.031 Computation of time.  Except as provided in subsection 95.051(2) and elsewhere in these statutes, the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues.
(1) A cause of action accrues when the last element constituting the cause of action occurs. For the purposes of this chapter, the last element constituting a cause of action on an obligation or liability founded on a [written instrument] payable on demand or after date with no specific maturity date specified in the [instrument], and the last element constituting a cause of action against any endorser, guarantor, or other person secondarily liable on any such obligation or liability founded on [a written instrument payable on demand or after date], is the first written demand for payment, notwithstanding that the endorser, guarantor, or other person secondarily liable has executed a separate writing evidencing such liability.
(2) Actions for products liability and fraud under subsection 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in subsection 95.11(3) but in any event within 12 years after the date of delivery of the completed product to its original purchaser or within 12 years after the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered.
[2] Section 7 amended the statute so that section 95.11, Florida Statutes (1975), provides in part as follows:

95.11 Limitations other than for the recovery of real property.  Actions other than for recovery of real property shall be commenced as follows:
(3) WITHIN FOUR YEARS. 
(a) An action founded on negligence.
(b) An action relating to the determination of paternity.
(c) An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of abandonment of construction if not completed, or [the date of] completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer; except that when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event [the action must be commenced] within 12 years after the date of actual possession by the owner, the date of abandonment of construction if not completed, or [the date of] completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer.
[3] Section 36 is section 95.022, Florida Statutes (1975);

95.022 Effective date; saving clause.  This act shall become effective on January 1, 1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred.