451 So.2d 482 (1984)
Loretta COBB, Appellant,
v.
Carlos MALDONADO, M.D., and James Harrell, M.D., Appellees.
No. 83-1062.
District Court of Appeal of Florida, Fourth District.
January 25, 1984.
Rehearing Denied June 27, 1984.
John R. Young of Hamilton, James, Merkle & Young, West Palm Beach, for appellant.
Jill A. Van Derven of Law Offices of Robert T. Bergin, Jr., West Palm Beach, for appellee, Carlos Maldonado, M.D.
GLICKSTEIN, Judge.
This appeal is from a Summary Final Judgment awarded to a doctor in a medical malpractice action. Appellee's alleged malpractice took place in October, 1976 and the injury was discovered in August, 1980, within four years. Section 95.11(4)(b), Florida Statutes (1975) provides in part:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued... . In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving *483 rise to the injury occurred. (Emphasis added).
The trial judge properly observed:
It is clear that the four-year statute of limitations has run unless the statute is tolled because of the fraud, concealment or intentional misrepresentation of fact prevented the discovery of the injury within the four-year period.
In this case, the discovery having been made within the four-year period, appellant failed to overcome the hurdle we have emphasized in the foregoing statute which plainly contemplates successful fraud, concealment or intentional misrepresentation; i.e., prevention of discovery of the injury within the four-year period. Accordingly, we affirm.
ANSTEAD, C.J., and WALDEN, J., concur.

ON MOTION FOR REHEARING
GLICKSTEIN, Judge.
Appellant, Loretta Cobb, seeks a rehearing, pointing out that in medical malpractice suits the provisions of section 95.11(4)(b), Florida Statutes (1983), give to claimants who discover concealment of a practitioner's negligence after the four-year limitation period has run marked advantage over similar claimants who discover the concealment just prior to the limitation period's expiration. This court takes no pleasure in denying Ms. Cobb's petition, and calls the statutory anomaly to the legislature's attention.
In pertinent part, section 95.11(4)(b) reads as follows:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued... . In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred.
It is true that as the statute is written the jig is up for the diligent claimant who nevertheless has failed to discover a concealed malpractice incident until the last day of the four-year limitation period, whereas a similar claimant making a similar discovery the day after the four-year limitation period has expired has two years within which to commence suit. It is unlikely the legislature intended such disparate effects. Nevertheless, when a statutory provision is clear and unambiguous, we are obliged to give effect to the language the legislature has used. Holmes v. Blazer Financial Services, Inc., 369 So.2d 987 (Fla. 4th DCA 1979). This court is not free to modify the effect of the statute. We observe that in a case similar to the present one the first district has likewise found the statutory language plain, and come to a similar result. See Carlton v. Ridings, 422 So.2d 1067 (Fla. 1st DCA 1982).
Florida's Supreme Court recently held that section 95.11(4)(b) is constitutional. Cates v. Graham, 451 So.2d 475 (Fla. 1984), affirming 427 So.2d 290 (Fla. 3d DCA 1983). The court reiterated that a statute of repose is constitutional so long as it merely curtails the time within which a suit must be filed but does not outright bar a cause of action. The court had previously made the same observation when upholding the constitutionality of section 95.11(3)(c) in Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978).
Rehearing is regretfully denied. We respectfully urge the legislature to take note of section 95.11(4)(b)'s disparate impacts on *484 claimants in virtually identical circumstances, and take appropriate action.
ANSTEAD, C.J., and WALDEN, J., concur.