451 So.2d 475 (1984)
Robert B. CATES, Etc., et al., Petitioners,
v.
Orlando R. GRAHAM, M.D., et al., Respondents.
No. 63449.
Supreme Court of Florida.
May 31, 1984.
*476 Edward N. Winitz of Winitz, Liroff & Kolsky, Miami, and Nancy Little Hoffmann of Hoffmann & Burris, Fort Lauderdale, for petitioners.
George W. Chesrow of Walton, Lantaff, Schroeder & Carson, Miami, for respondents.
McDONALD, Justice.
We accepted this case for review because the decision of the district court, Cates v. Graham, 427 So.2d 290 (Fla. 3d DCA 1983), passed upon the constitutionality of subsection 95.11(4)(b), Florida Statutes (1977), thereby giving us jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. We hold that the statute is constitutional and was constitutionally applied, and we approve the opinion of the district court.
Graham operated on Cates to remove broken glass from his foot. His last treatment occurred on July 4, 1975. Cates' recovery and healing were uneventful until December of 1978 when he felt discomfort in the foot. On January 18, 1979 he learned that a piece of glass still remained in his foot. This was surgically removed on February 9, 1979, some three years, seven months from the original alleged negligent act of failing to remove all of the glass. He filed an action on this claim on January 9, 1980, four and one-half years after his initial treatment.
Subsection 95.11(4)(b), Florida Statutes (1977), effective for those proceedings, provides:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.... In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred.
(Emphasis supplied.) The real question is whether a five- to six-month period remaining after the discovery of any injury is so short that to enforce the terms of the statute would result in a denial of access to the courts and hence make subsection 95.11(4)(b) unconstitutional as applied.
In Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978), we found constitutional a parallel statute, subsection 95.11(3)(c). In doing so we held that a statute of repose is constitutional and does not bar access to the courts when it merely curtails the time within which suit must be filed, as opposed to barring the cause of *477 action entirely. Accord Purk v. Federal Press Co., 387 So.2d 354 (Fla. 1980).
Cates and the dissenting judge from the third district urge that a five- to six-month limitation on bringing an action is tantamount to no right at all. Admittedly, this is a short period; however, we cannot say that Cates was denied access to the courts by the time constraints. Therefore, the statute is constitutional as applied. We approve the decision of the district court.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.