458 So.2d 1136 (1984)
Richard PULLUM, Appellant,
v.
CINCINNATI, INCORPORATED, the Cincinnati Shaper Company, Sti-Gro First Corp., Formerly Known As Harry P. Leu Machinery Corporation, a Dissolved Florida Corporation, Robert H. Stine, Eugenie E. Stine and Robert E. Groth, As Directors and/or Trustees of Sti-Gro First Corp., Appellees.
No. AU-62.
District Court of Appeal of Florida, First District.
September 26, 1984.
Rehearing Denied November 16, 1984.
*1137 Wayne Hogan of Brown, Terrell & Hogan, Jacksonville, for appellant.
Ellis E. Neder, Jr., Jacksonville, for appellees.
NIMMONS, Judge.
Richard Pullum, plaintiff below, appeals a summary judgment entered against him on the basis that his claim was barred by Section 95.031(2), Florida Statutes,[1] a statute of repose. We affirm.
On April 29, 1977, Pullum, while operating a Cincinnati pressbrake machine, was injured by the machine. On November 26, 1980, Pullum filed suit against the manufacturer *1138 and others on the basis of negligence, implied warranty and strict liability. Although the suit was filed within the four-year limitations period provided for in Section 95.11(3)(e), Florida Statutes, it was not filed within twelve years from the November 11, 1966, delivery of the subject pressbrake to the original purchaser as required by the statute of repose. Therefore, the trial court entered summary judgment against Pullum.
Application of the statute of repose to Pullum reduced the time within which he was required to file suit after his accident from four years to a little over one and one-half years. This does not amount to a proscribed limitation of access to courts under Article I, Section 21, of the Florida Constitution. See Cates v. Graham, 451 So.2d 475 (Fla. 1984); Purk v. Federal Press Company, 387 So.2d 354 (Fla. 1980); Bauld v. J.A. Jones Construction Company, 357 So.2d 401 (Fla. 1978). Pullum concedes that point but urges that the application of the subject statute denies equal protection of the law. He points out that if the accident had occurred twelve years or more after delivery of the machine, the statute of repose would not have barred his action, and he would have had, pursuant to Section 95.11(3), four years from the accident date within which to file his suit. This is so because of the Supreme Court's holding in Overland Construction Company, Inc. v. Sirmons, 369 So.2d 572 (Fla. 1979), in which the court held that the barring of a cause of action under a similar statute of repose[2] before the cause of action accrued is repugnant to the Article I, Section 21, guarantee of the right of access to courts.[3] The results of the interplay among the regular four-year limitations statute, the twelve-year statute of repose and the holding in Overland are: (1) that a person who sustains an injury at any time within eight years from the product's initial delivery date will have four years from the date of injury within which to file suit; (2) that a person injured twelve years or more after the delivery date will also have four years from the date of injury to sue because Overland would preclude the operation of the twelve-year statute; provided, however, that such person might not have as many as four years to bring the action where his injury occurred prior to January 1, 1975, the effective date of Chapter 74-382, Laws of Florida (the law creating Section 95.031), and where he would be required to file suit by January 1, 1976, by virtue of the one-year savings clause provided for by Chapter 74-382, section 36; and (3) that those persons injured during the time frame of eight to twelve years after delivery date will be governed by a limitations period of something less than four years, such period depending upon the point, during that time frame, when the injury occurs (i.e., if the injury occurs nine years after delivery, the party would have three years to sue; if the date of injury was 10 years after delivery, suit would have to be brought within two years; etc.). Pullum complains that he is denied equal protection because he had only one and a half years from his injury within which to file suit whereas a person injured by the same machine approximately two and one half years later (at least 12 years after delivery) would have, by virtue of the holding in Overland, four years within which to file.
The Supreme Court of Florida has consistently sustained such statutes of repose *1139 against constitutional attack where application of the statute leaves the plaintiff with sufficient time to institute suit after injury or discovery of the cause of action. See Cates v. Graham, supra; Purk v. Federal Press Co., supra; Bauld v. J.A. Jones Construction Company, supra; Universal Engineering Corp. v. Perez, 451 So.2d 463 (Fla. 1982); compare Overland Construction Company, Inc. v. Sirmons, supra; Diamond v. Squibb and Sons, 397 So.2d 671 (Fla. 1981); and Battilla v. Allis Chalmers Manufacturing Company, supra. Admittedly, most of these authorities have dealt with attacks under the Article I, Section 21, "access to courts" provision.[4] However, in Purk, the plaintiff also contended that the statute denied her equal protection of the laws, which contention was rejected by the Supreme Court. Mrs. Purk was injured on April 24, 1973, by a punch press machine which had originally been delivered on June 2, 1961. The applicable limitation statute would have given her four years from the injury date within which to file suit. However, the statute of repose, enacted effective January 1, 1975, barred actions for injuries occurring twelve years or more after the delivery date. But the statute's savings clause afforded one year to all existing causes of action (i.e., until January 1, 1976) within which to file suit. Mrs. Purk's four-year period for filing suit was therefore reduced to approximately two years and eight months (the period of time between the April 24, 1973, date of accident and the savings clause date, January 1, 1976). In contrast, a person injured by the same machine almost one year and four months earlier than the date of Mrs. Purk's injury would have had four years within which to file suit. Moreover, and perhaps more significantly, the Supreme Court in Purk recognized that the statute of repose with which it was dealing was subject to its decision a year earlier in Overland, supra, which materially affected the application of the statute by, as we have noted, holding that persons injured after the running of the twelve-year statute of repose would have four full years from the date of injury within which to file suit. The Purk court, nevertheless, held that the statute did not deny equal protection of the laws.
The fact that Mrs. Purk's injury occurred prior to the enactment of Section 95.031 and thus was covered by the one-year savings clause of Chapter 74-382, Section 36,[5] whereas Pullum's injury occurred after the effective date of the act, does not furnish Pullum with any equal protection argument materially different from that of Mrs. Purk. The statute of repose operated on both to reduce their otherwise available four-year limitation periods to lesser periods whereas those persons injured by products delivered twelve years or more before the injury continue to have four years within which to file suit. The Supreme Court having denied in Purk the equal protection attack on the subject statute, we likewise reject such attack in the instant case.
Essentially, persons such as Mr. Pullum who claim to have been caught in the legislatively imposed statute of repose time squeeze are left only with a denial of access to the courts argument where the injury occurs too close in time to the end of the twelve-year period. As previously noted, this argument is unavailing to Pullum inasmuch as one and one-half years still remained after the accident before the twelve-year period expired. In Cates v. Graham, supra, which involved application of another statute of repose dealing with medical malpractice,[6] the Supreme Court held that a five-to-six-month time squeeze imposed by the statute upon the plaintiff did not constitute an unconstitutional denial *1140 of access to the courts. See also Cobb v. Maldonado, 451 So.2d 482 (Fla. 4th DCA 1984) (on motion for rehearing).
The summary judgment is Affirmed.
MILLS and SMITH, JJ., concur.

On Motion for Rehearing
PER CURIAM.
Although we deny the appellant's motion for rehearing, we certify the following, pursuant to Fla.R.App.P. 9.030(a)(2)(A)(v), as a question of great public importance:
Does Section 95.031(2), Florida Statutes, deny equal protection of the laws to persons such as appellant who are injured by products delivered to the original purchaser between eight and twelve years prior to the injury?
MILLS, SMITH and NIMMONS, JJ., concur.
NOTES
[1] Section 95.031(2) provides:

(2) Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event within 12 years after the date of delivery of the completed product to its original purchaser or within 12 years after the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered. (e.s.)
[2] Although the statute of repose involved in Overland, Section 95.11(3)(c), deals with liability for improvements to real property, the Overland holding applies equally to product liability statutes of repose such as Section 95.031(2). See Battilla v. Allis Chalmers Manufacturing Company, 392 So.2d 874 (Fla. 1981); cf. Purk v. Federal Press Company, supra.
[3] In Overland, supra, the Court distinguished Bauld, supra, pointing out that, in Bauld: (1) the injury occurred prior to the enactment of the applicable statute of repose; (2) two and one-half years of the four year limitations period had elapsed when the statute was enacted; and (3) a savings clause extended the deadline an additional year for filing suit on existing causes of action which otherwise would have been terminated by the new twelve-year limitation.
[4] For example, the Court stated in Overland, supra:

"[T]he unique restriction imposed by our constitutional guarantee of a right of access to courts makes it irrelevant that this `statute of repose' may be valid under state or federal due process or equal protection clauses."
369 So.2d at 575.
[5] This savings clause was codified as Section 95.022, Florida Statutes (1975).
[6] Section 95.11(4)(b), Florida Statutes.