457 So.2d 1093 (1984)
J.D. MacRAE, Jr., Appellant,
v.
CESSNA AIRCRAFT COMPANY, Appellee.
No. AW-335.
District Court of Appeal of Florida, First District.
September 27, 1984.
Rehearing Denied November 13, 1984.
John B. Culp, Jr., of Donovan, Maloof, Culp & Kennedy, Jacksonville, for appellant.
Victor M. Halbach, of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellee.
THOMPSON, Judge.
MacRae appeals a summary final judgment in favor of the defendant Cessna Aircraft Company (Cessna) which found that the 12-year statute of limitations set out in § 95.031(2), Fla. Stat. barred his products liability claim. MacRae contends that § 95.031(2) is unconstitutional as applied to him, that § 95.031(2) unconstitutionally denies *1094 him equal protection of law, and that there remain genuine issues of material fact which should have precluded summary judgment. We affirm.
On July 4, 1975, MacRae was piloting a Cessna aircraft which crashed, allegedly due to a manufacturing defect in its throttle control mechanism. On April 20, 1977, the passengers of this aircraft filed suit against numerous defendants, including appellant-MacRae and appellee-Cessna. MacRae filed a cross-claim against Cessna and other defendants on September 7, 1977. Cessna asserted the affirmative defense, among others, that the statute of limitations set forth in § 95.031(2) had run. The trial court entered summary final judgment in favor of Cessna because MacRae's cross-claim was filed more than 12 years after May 27, 1965, the date the aircraft in question was delivered as a completed product to the original purchaser and the date the § 95.031(2) statute of limitations began to run. MacRae appeals this summary judgment.
Sections 95.11(3) and 95.031(2) provide that products liability actions must be commenced within four years of the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, but that in any event such actions must be commenced within 12 years after the date of delivery of the completed product to its original purchaser, without regard to the date the defect in the product was or should have been discovered. Section 95.031(2) creates an absolute bar to the filing of a products liability case more than 12 years after the date of delivery of the completed product to the original purchaser.
At first glance it would appear that neither of appellant's contentions as to the unconstitutionality of § 95.031(2) has any merit in view of the Florida Supreme Court's decision in Purk v. Federal Press Company, 387 So.2d 354 (Fla. 1980), which held that § 95.031(2) does not deny equal protection of laws and does not deny right of access to the courts. Purk specifically held § 95.031 constitutional against an equal protection challenge because it rationally treated differently persons in different circumstances. However, the constitutional challenge based on denial of access to the courts is not as clearly settled by Purk. In Purk the 12-year statute of limitations had run prior to the effective date of the statute creating that limitation, but the court held that because the savings clause of § 95.022, Fla. Stat. extended by one year the deadline for instituting existing causes of action which would otherwise have been extinguished by the new 12-year limitation, the statute did not abolish the cause of action but merely shortened the period within which suit could be commenced. Although shortened, the court found that the one-year extension of time for bringing the suit was ample and reasonable and that it did not altogether forestall the bringing of an action.
MacRae contends that the time limitation in § 95.031(2) is unconstitutional as applied to him because the time for filing his action could have expired only two or three days after his cause of action arose. If MacRae's cause of action had not arisen until two or three days before the statute had run, the statute would be unconstitutional as applied to him because he would not have had a reasonable and ample time within which to file his action. However, it is clear from the record that MacRae had approximately 22 months from the date his cause of action arose, the July 4, 1975 crash, until the 12-year statute of limitations ran in May of 1977, 12 years after the aircraft was delivered as a completed product to its original purchaser. In the recent case of Universal Engineering Corp. v. Perez, 451 So.2d 463 (Fla. 1984), the court, in interpreting § 95.11(3)(c), Fla. Stat. (which for purposes of this opinion is identical in effect to § 95.031(2), Fla. Stat.), held as follows:
[F]or § 95.11(3)(c) to be unconstitutional as applied, it must operate as an absolute bar to bringing an action. If § 95.11(3)(c) only shortens the time period in which the action may be brought to a *1095 reasonable amount of time, then the Florida Constitution is not violated. 451 So.2d 463, 466, 467.
Twenty-two months is a reasonable and ample time within which to bring the action and almost twice the time that the Supreme Court held was reasonable and ample in cases where the 12-year period had expired prior to the effective date of the statute.
The legislature has authority "to adopt a statute of limitations which retroactively shortens a period of limitation, providing a reasonable time is allowed by the statute within which to file suit, where there is manifest legislative intent to retrospectively shorten the period... ." Foley v. Morris, 339 So.2d 215, 216 (Fla. 1976). The enactment of the savings clause, § 95.022, manifests a legislative intent to retrospectively shorten the period and there was a reasonable time within which MacRae could have filed suit in this case. Section 95.031(2) is therefore constitutional as applied to MacRae.
We find no genuine issues of material fact which should have precluded summary judgment and the judgment is AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.