Oscar LUGO and Sara Lugo, his
wife, Plaintiffs,

v.

FORD MOTOR COMPANY, Defendant.

No. 83–1795–Civ–Hoeveler.

United States District Court,
S.D. Florida, Miami Division.

June 18, 1985.

James H. Gray, Jr., Alldredge and Gray,
P.A., Miami, Fla., for plaintiffs.

John D. Golden, Law Offices of Rumberger, Wechsler & Kirk, Miami, Fla., for defendant.

## MEMORANDUM DECISION AND ORDER GRANTING FORD MOTOR COMPANY'S MOTION FOR SUMMARY JUDGMENT

HOEVELER, District Judge.

The motion for summary judgment before the Court presents the question of whether Florida's statute of repose for products liability actions violates the Florida constitution as applied to the plaintiffs because it effectively denied their right of access to the courts by reducing the time for filing their action to four months.

On June 30, 1982, Oscar Lugo was injured when he fell out of a van manufactured by the defendant Ford Motor Company ("Ford"), in which he had been riding as a passenger. On June 3, 1983, the plaintiffs, Oscar Lugo and his wife, Sara, brought this products liability action in state court alleging that Oscar Lugo's injuries resulted from the defective design of the arm rest and door handle on the van. Ford removed the cause to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship, 28 U.S.C. § 1332(a)(1).

On January 14, 1985, the Court allowed Ford to amend its affirmative defenses to include Florida's statute of repose for products liability actions, FLA.STAT. § 95.031(2), as an affirmative defense. Ford then moved for summary judgment on the ground that the plaintiffs' cause of action was barred by the statute of repose. The Court heard argument and received evidence on the motion for summary judgment at a hearing on March 13, 1985.

Section 95.031(2) states:

Actions for products liability ... under s. 95.11(3) must be begun within the period

prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), *but in any event within 12 years after the date of delivery of the completed product to its original purchaser ... regardless of the date the defect in the product ... was or should have been discovered.*

FLA.STAT. § 95.031(2) (1983). (Emphasis added.)

The statute of limitations for negligence and products liability actions in the State of Florida is four years. FLA.STAT. § 95.11(3) (1983). In contrast to the statute of limitations, which establishes a time limit within which an action must be brought measured from the time of accrual of the cause of action, a statute of repose cuts off the right of action after a specified time running from the date of delivery of the product. *Bauld v. J.A. Jones Construction Co.*, 357 So.2d 401, 402 (Fla.1978).

The record before the Court in the instant cause consists of the record in the court file, including the deposition of the plaintiffs' expert, Professor Robert Adt of the University of Miami, and the proffers made by the plaintiffs' counsel at the hearing on the motion for summary judgment. Counsel for Ford accepted these proffers as part of the record the Court would consider in deciding the motion.

Rather than include the facts in the text of the opinion, the Court has set out the chronology of events in the cause in the Appendix to this decision. The Appendix is incorporated herein as the Court's findings of facts.

The plaintiffs have not contested the fact that their cause of action accrued on the date of the accident, which was "the time the facts giving rise to the cause of action were discovered ..." pursuant to § 95.031(2). Nor have they contested the fact that the van was delivered to the original purchaser on October 30, 1970 and that the repose period ended on October 30, 1982. Therefore, the plaintiffs had four months within which to file their action.

The Supreme Court of Florida has held that, under certain circumstances, a statute of repose violates the right of access to the courts guaranteed by the Florida Constitution, art. I, § 21.[1] In *Overland Construction Co. v. Sirmons*, 369 So.2d 572 (Fla. 1979), the Supreme Court found that a statute of repose was unconstitutional as applied to a plaintiff whose cause of action arose after the expiration of the repose period. As the Court explained, there would be no judicial forum available for the plaintiff in that situation because his cause of action would be barred when it first accrued. *Id.* at 575.[2] Although *Overland* involved the then current statute of repose for construction defects, FLA.STAT. § 95.11(3)(c) (1975), the rationale of *Overland* applies equally to the statute of repose for products liability actions, § 95.031(2). *Battilla v. Allis Chalmers Manufacturing Co.*, 392 So.2d 874 (Fla.1980); *Diamond v. E.R. Squibb and Sons Inc.*, 397 So.2d 671

1. Art. I, section 21 provides:
   The Courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay. FLA. CONST. art. I, § 21.

2. The Court in *Overland* set forth the following test for whether the statute of repose violated the access to courts provision in the Florida Constitution: 1) the court must decide whether the legislature, without providing any reasonable alternative, has abolished a statutory or common law right of action protected by art. I, section 21, and, if so, 2) whether that action is grounded both on an overpowering public necessity and an absence of any less onerous alternative means of meeting that need. *Overland*, 369 So.2d at 573.

   After finding that § 95.11(3)(C) (1975) violated the first part of the test, the Court observed that the Florida legislature did not express the necessity for the statute and, upon review by the Court, the statute was found to be deficient. *Id.* at 574. The Court recognized the problems to builders and others caused by potential liability for an indefinite period of time, but the Court felt that the difficulties of proof which develop over time were experienced by plaintiffs as well as defendants. *Id.*

(Fla.1981); *Ellison v. Northwest Engineering Co.*, 521 F.Supp. 199 (S.D.Fla.1981).[3]

■ As a result of those decisions, the plaintiff whose products liability cause of action accrues after the expiration of the period provided in the statute of repose can bring his action within the four year statute of limitations.

In the instant cause, the cause of action arose when there were four months left to run on the statute of repose. The plaintiffs have not had their cause of action barred, but they have had the time within which they could exercise their right of access to the courts dramatically shortened.

The Florida Supreme Court has held that a statute of repose is not unconstitutional where the statute merely curtails the time for filing. *Purk v. Federal Press Co.*, 387 So.2d 354, 357 (Fla.1980); *Bauld*, 357 So.2d at 402–3. In *Purk* and *Bauld*, the court held that the statute of repose at issue was not unconstitutional as applied to a plaintiff whose cause of action was barred on the date of enactment of the statute because the statute contained a savings clause [4] allowing one year from the date of enactment within which to file. *Id.*

The question before the Court is whether the time for filing could be so severely shortened as to be equivalent to a denial of the right to access to the courts.[5] That question is a question of law to be decided by the court. *Cates v. Graham*, 427 So.2d 290, 291 (Fla. 3d DCA 1983), *affirmed*, 451 So.2d 475 (Fla.1984).

Ford argues that the Court need only inquire if the statute of repose acts as an absolute bar to the plaintiffs' cause of action. According to the logic of the defendant's argument, if a plaintiff's cause of action accrues at any time prior to the expiration of the repose period, even the day before, then the cause of action is precluded by the statute of repose without violating the Florida constitution. The Lugos argue that the statute of repose is constitutional as applied only if it allows a plaintiff a reasonable amount of time within which to exercise his right of access to the courts, with the reasonableness of the time period judged by the facts of the individual case.

In *Universal Engineering Corp. v. Perez*, 451 So.2d 463 (Fla.1984), the Florida Supreme Court reviewed its decisions in *Overland* and *Bauld* and discussed the framework for determining whether the statute of repose is constitutional as applied.

Thus, for [a statute of repose] to be unconstitutional as applied, it must oper-

---

**3.** In *Battilla*, *Diamond* and *Ellison* the courts seemed to limit their inquiry into the constitutionality of the statute of repose to the first prong of the *Overland* test without determining whether the statute was grounded in an overpowering public necessity and there were no less onerous means of meeting that need. *Compare Overland*, 369 So.2d at 573 *with Battilla*, 392 So.2d at 874; *Diamond*, 397 So.2d at 672; and *Ellison*, 521 F.Supp. at 201–02.

**4.** The Florida legislature added the statute of repose for products liability actions during a substantial revision of Chapter 95, Florida Statutes, in 1974. Chapter 74–382, Laws of Florida. Section 95.022 provides that the revision became effective on January 1, 1975, but that any action which arose after the expiration of the repose period (and therefore would be barred on the effective date) which would not have been barred by the prior limitations provisions could be brought before January 1, 1976, after which time it would be barred. FLA.STAT. § 95.022 (1983).

**5.** In this diversity case, the Court is bound to follow Florida substantive law. 28 U.S.C.A. § 1652; *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.2d 1188 (1938). The Court must follow the state law as it has been announced by the highest court of the state. *Bailey v. Southern Pacific Transport Co.*, 613 F.2d 1385, 1388 (5th Cir.1980). In the absence of a decision by the highest court of the state, a federal court sitting in diversity should follow the decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide otherwise. *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir.1983) (following decisions of Florida district courts of appeal).

A federal court is bound by this rule whether or not the court agrees with the reasoning on which the state court's decision is based or the outcome which the decision dictates.

*Id.* at 690.

ate as an absolute bar to bringing the action. If [a statute of repose] only shortens the time period in which the action may be brought to a reasonable amount of time, then the Florida Constitution is not violated.

451 So.2d at 466–67.

In *Cates v. Graham,* 451 So.2d 475 (Fla. 1984), the Florida Supreme Court found the four-year statute of repose for medical malpractice actions constitutional as applied where the plaintiff had a five-month period within which to file. The Court stated:

> The real question is whether a five- to six-month period remaining after the discovery of any injury is so short that to enforce the terms of the statute would result in a denial of access to the courts and hence make subsection 95.11(4)(b) unconstitutional as applied.
>
> In *Bauld* ... we found constitutional a parallel statute, subsection 95.11(3)(c). In doing so we held that a statute of repose is constitutional and does not bar access to the courts when it merely curtails the time within which suit must be filed as opposed to barring the cause of action entirely. *Accord Purk....*
>
> [The plaintiff] and the dissenting judge from the third district urge that a five- to six-month limitation on bringing an action is tantamount to no right at all. Admittedly, this is a short period; however, we cannot say that [the plaintiff] was denied access to the courts by the time constraints.

451 So.2d at 476–77. (Citations omitted.)

The language used by the Florida Supreme Court in *Universal Engineering* and *Cates* supports the use of a "bright line" test as proposed by Ford, but also suggests that there should be an inquiry into whether the plaintiffs had reasonable access to the courts in the time before the repose period expired.

In *Cates,* the court also stated that it approved the opinion of the Third District Court of Appeal. *Id.* at 476. In its opin-

ion, the Third District Court of Appeal stated:

> In performing that function [determining the constitutionality of the statute as a matter of law], the court may determine, under the facts of the case, whether or not the party was afforded a reasonable time in which to act before being barred under the applicable statute.

427 So.2d at 291. (Citations omitted.)

District courts of appeal have expressed somewhat divergent views as to the test to be applied under *Cates* and *Universal Engineering,* albeit in dicta.

In *MacRae v. Cessna Aircraft Co.,* 457 So.2d 1093 (Fla. 1st DCA 1984), the court found § 95.031(2) constitutional as applied where the pilot of a plane involved in a crash had 22 months within which to file a claim against the manufacturer of the plane. The pilot had argued that he actually only had two or three days to file, based on when the passengers in the plane filed suit against him. The court rejected the argument, finding that the cause of action arose on the day of the crash, and went on to say:

> If McRae's cause of action had not arisen until two or three days before the statute had run, the statute would be unconstitutional as applied to him because he would not have had reasonable and ample time within which to file his action.

457 So.2d at 1094. *Accord, Pisut v. Sichelman,* 455 So.2d 620, 622 (Fla. 2d DCA 1984) (dicta).

In *Cobb v. Maldonado,* 451 So.2d 482 (Fla. 4th DCA 1984), the court upheld the constitutionality of the medical malpractice statute of repose (the same statute which was at issue in *Cates*) when the malpractice was discovered in August 1980 and the statute of repose expired in October 1980. The court's opinion did not set forth the exact dates involved, but the plaintiff had from two to three months within which to file.[6] In its discussion of the statute of repose, the court stated:

---

6. The Second District Court of Appeals also has suggested that three months might be a reason-

able time for a plaintiff to bring an action. *Pisut v. Sichelman,* 455 So.2d at 622 (dicta).

It is true that as the statute is written the jig is up for the diligent claimant who nevertheless failed to discover a concealed malpractice incident until the last day of the four year limitation period. . . .

451 So.2d at 483 (on motion for rehearing).

■ Upon reviewing these opinions, the Court is of the opinion that, in determining the constitutionality of § 95.031(2) as applied to the Lugos' cause of action, it must determine whether the Lugos had a reasonable amount of time within which to act before their cause of action was barred by the application of the statute of repose. However, the inquiry into the reasonableness of the time period for filing seems to be limited to whether the plaintiff, judged under an objective standard, had the minimum amount of time necessary to consult an attorney who could prepare the papers and file them at the courthouse. The Florida courts have found statutes of repose constitutional as applied when they resulted in time periods as short as five months, *Cates,* or three months or less, *Cobb.* The Court would note that there are no reported decisions where a statute of repose has been held unconstitutional as applied because it shortened the period within which the plaintiff could file to an unreasonable amount of time. Based on an analysis of the Florida decisions, the Court cannot say that the plaintiffs were denied access to the courts by the time constraints.[7]

While the Court concludes that the plaintiffs' cause of action must be dismissed because of the current state of the Florida law, it does so reluctantly. Plaintiffs' counsel, upon being retained, proceeded in a manner which, in almost any setting, would be considered most reasonable and diligent. Indeed, he argued during the hearing on defendant's motion that his adherence to ethics inhibited his proceeding until he could be satisfied that, in what facially may have seemed a questionable case, he had what he considered a valid basis to proceed. Yet, the Florida Supreme Court has limited the application of the statute of repose in a way which permits some unusual results.[8] Clearly, the plaintiffs would have been better off if the accident occurred after October 30, 1982.

The Court gleans from what has been decided that "reasonable" in this context must mean that plaintiff and counsel should have just enough time to comprehend the total situation, prepare the papers and go to the courthouse. Thus, if the accident occurred a day or two before the end of the repose period, the time involved very likely would be "unreasonable."

---

7. The Lugos have not raised the issue of whether the application of the statute of repose denies them equal protection of the laws because they had only four months to file whereas a person injured by the same product five months later than Oscar Lugo's accident would have four years to file. Equal protection challenges to the statute of repose have been rejected in *Purk,* 387 So.2d at 357–58, and *Pullum v. Cincinnati, Inc.,* 458 So.2d 1136, 1139 (Fla. 1st DCA 1984). The First District court of Appeals has certified the question of whether § 95.031(2) denies equal protection of the laws to persons injured by products delivered to the original purchaser between eight and twelve years prior to the injury. *Pullum,* 458 So.2d at 1140 (on motion for rehearing).

8. The First District Court of Appeal has explained fully the present range of possibilities under the statute of repose.

The results of the interplay among the regular four-year limitations statute, the twelve-year statute of repose and the holding in *Overland* are: (1) that a person who sustains an injury at any time within eight years from the product's initial delivery date will have four years from the date of injury within which to file suit; (2) that a person injured twelve years or more after the delivery date will also have four years from the date of injury to sue because *Overland* would preclude the operation of the twelve-year statute; provided [that the person was injured after the effective date of the statute; otherwise, he would be required to file suit within the period provided in the savings clause]; and (3) that those persons injured during the time frame of eight to twelve years after delivery date will be governed by a limitations period of something less than four years, such period depending upon the point, during that time frame, when the injury occurs. . . .

*Pullum,* 458 So.2d at 1138.

The Fourth District Court of Appeals has noted the disparate impacts which a statute of repose can have on plaintiffs in virtually identical situations and has urged legislative action. See *Cobb,* 451 So.2d at 483.

If the test, in cases of this type, is indeed whether plaintiff has a "reasonable" time to file an action, and the Florida decisions suggest it is, the Court must then look to the type or nature of the "reasonableness" discussed by the Florida courts. The Court concludes, as suggested above, that these cases rather narrowly limit the question of reasonableness to the question of access. Problems of investigation, representation and the like do not appear to merit consideration.

Clearly, the principal legislative objective of the statute of repose has been nullified by Florida case law. Yet, like a loose and perhaps unnecessary appendage, it remains in place with a "raison d'etre" (if any), of limiting in varying degrees the statute of limitations otherwise applicable to a products event, depending, of course, upon when it occurred. Faced with the problems consequent to the constitutional partitioning of the repose statute, the Florida courts have, the Court concludes, determined that "access" is necessarily a blend of the rationale behind two different statutes of limitation; in effect a vintage products case now has a flexible limitations period determined by the proximity of the event to the terminal date of the repose period. Whether the period available in any given case is constitutionally acceptable appears to be the test. Again, "reasonableness," in this context apparently, means sufficient time to prepare and file the action in question. That time was available here. It is not the Court's role to gainsay the demands of the Florida cases regardless of what may seem to be an unfair result. The Court concludes that plaintiffs' constitutional rights have not been violated by the application of Florida law to this case. Ford's motion for summary judgment is granted.

Accordingly, it is

ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment be and is hereby granted. Judgment by separate order shall issue forthwith.

## APPENDIX

| | |
|---|---|
| 10/30/70 | Van was delivered to the original purchaser. |
| 6/30/82 | Oscar Lugo was injured when he fell from van.* |
| 10/30/82 | Statute of repose period expired. |
| 6/3/83 | Oscar and Sara Lugo filed action in state court against Ford Motor Co. |

| | |
|---|---|
| 9/15/82 | Plaintiffs consulted with attorney for the first time. |
| 9/16/82 | Plaintiffs' attorney contacted the owner of the van. |
| 9/17/82 ** | Plaintiffs' attorney contacted expert, Professor Robert Adt. |
| 10/14/82 ** 10/16/82 | Plaintiffs' expert examined the van for the first time. The door was wired to the vehicle and the owner of the van would not allow the door to be removed without having a replacement. |
| 10/25/82 | Plaintiffs' attorney located a replacement door. However, additional parts were necessary to attach the door to the van. |
| 11/2/82 | Plaintiffs' attorney received the additional parts necessary to replace the van door. |
| 1/8/83 | Plaintiffs' expert examined the door. |
| 1/18/83 | Plaintiffs' expert informed the plaintiffs' attorney that there might be a problem with the design of the van door. |

* At the hearing on the motion for summary judgment, the plaintiffs' attorney proffered that Oscar Lugo was in the hospital for ten (10) days after the accident and was in bed for two and one-half months after the accident. The attorney also

proffered that Oscar Lugo did not remember falling out of the van but was told that he had fallen out. Oscar Lugo was referred to the attorney by a former client. At the hearing, Ford's counsel agreed to accept the facts proffered by the plaintiffs' counsel as the record on which the Court would decide the motion for summary judgment.

** These dates are from the December 2, 1983 deposition of Professor Robert Adt.