500 So.2d 664 (1986)
HOME INSURANCE COMPANY and North River Insurance Company, As Subrogees for Athlone Industries, Inc., Appellants,
v.
ADVANCE MACHINE COMPANY, Appellee.
No. BK-294.
District Court of Appeal of Florida, First District.
December 31, 1986.
*665 Patrick J. Farrell, Jr., Patricia Guilday, and Lori S. Leifer of Fuller & Johnson, P.A., Tallahassee, for appellants.
Thomas J. Jones and Michael L. Rosen of Holland & Knight, Tallahassee, for appellee.
NIMMONS, Judge.
This is an appeal from a final summary judgment in favor of defendant/appellee ("Advance") in an action wherein plaintiffs/appellants ("Athlone")[1] sought contribution from Advance by reason of certain sums paid by Athlone to the plaintiff in the main action (sometimes referred to herein as the "tort action") in settlement of the latter's personal injury claim. The trial court awarded summary judgment in favor of Advance on the ground that no common liability existed between Athlone and Advance. We reverse.
Myron Johnson was seriously injured in an accident involving a baseball pitching machine manufactured by Advance[2] and filed suit against several defendants including Advance and Athlone, the alleged distributor. Athlone and Advance both filed motions for summary judgment based on the then existing statute of repose, Section 95.031(2), Florida Statutes (1979), which required actions for products liability to be brought within 12 years after the date of delivery of the completed product to its original purchaser. Athlone and Advance argued that Johnson's suit was barred by the statute since the suit was filed in 1979, some 15 years after the date of the product's delivery to the original purchaser.
After the hearing on those motions for summary judgment in October 1980, the trial court denied the motions, the trial court basing its determination upon the unconstitutionality of Section 95.031(2) as applied to plaintiff Johnson inasmuch as the subject accident did not occur until after the running of the twelve-year period and the statute's savings clause afforded no time to Johnson to file suit. Thus, it was thought, application of the statute to Johnson constituted a denial of his State constitutional right of access to the courts under Article I, Section 21, Constitution of Florida.
*666 At the time of the court's denial of the above motions in October 1980, the cases of Overland Construction Company, Inc. v. Sirmons, 369 So.2d 572 (Fla. 1979) and Purk v. Federal Press Company, 387 So.2d 354 (Fla. 1980) had been decided. Those decisions, the significance of which will be explicated more fully below, were supportive of the trial court's ruling denying Athlone's and Advance's motions for summary judgment based upon the unconstitutionality of Section 95.031(2) as applied.
Johnson's tort action proceeded to trial on November 19, 1980. After jury selection, Athlone and plaintiff Johnson announced a settlement in open court, wherein Athlone agreed to pay Johnson 1.1 million dollars in exchange for a discharge of all defendants, including Advance. Athlone announced its intention to seek contribution from Advance and Advance noted that it had some defenses. Several days later when the settlement was reduced to writing, Athlone filed its action for contribution against Advance. Within a few days thereafter, the Florida Supreme Court issued its opinion in Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla. 1980). Consistent with its earlier holding in Overland Construction, and expressly relying thereon, the Supreme Court in Battilla held Section 95.031(2) unconstitutional in its application in barring Battilla's product liability action.
Five years later, while the contribution action was still pending in the lower court,[3] the Supreme Court receded from its earlier holding in Battilla. In Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), the Court, notwithstanding its earlier holding to the contrary, held that Section 95.031(2)'s purported bar of suits filed more than twelve years after delivery of the product was permissible and constitutional even where the accident did not occur until after the expiration of the twelve-year period and the statute's saving clause afforded no time for the plaintiff to file suit.
Shortly after Pullum was decided, Advance moved for summary judgment in the contribution proceeding arguing that, in view of the Pullum holding, there was no longer a basis for common liability, one of the necessary elements of a contribution claim. The trial court granted the summary judgment ruling that the statute of repose would bar the underlying tort claim and that therefore no common liability existed. According to the trial court, Athlone settled with plaintiff Johnson at its own risk since, at the time of the settlement, there had been no clear holding by the Supreme Court that the statute of repose was unconstitutional. That final summary judgment is the subject of the instant appeal. During the pendency of this appeal, the statute of repose was amended by limiting the twelve-year bar provision to actions for fraud, thus eliminating products liability cases from the statute's sweep. Chapter 86-272, Laws of Florida.
Under the Uniform Contribution Among Tortfeasors Act,[4] where the party *667 seeking contribution has entered into a settlement with the plaintiff in the underlying tort case, the party seeking contribution has the burden of proving that a "common liability" exists between the parties and that the settlement was reasonable. Wallace v. Strassel, 479 So.2d 231 (Fla. 4th DCA 1985), citing Farmers Insurance Exchange v. Village of Hewitt, 274 Minn. 246, 143 N.W.2d 230 (1966); Home Insurance Co. v. Advance Machine Company, 443 So.2d 165, 169 (Fla. 1st DCA 1983). The present case involves the conceptually difficult issue of whether common liability exists when, during the pendency of an action for contribution based on a settlement of the underlying tort claim, a procedural bar to the tort claim comes into existence.
Had the tort claim not been settled, but instead litigated to conclusion (through trial and appeal) before the 1985 decision in Pullum and with the defendants being held jointly liable, then no doubt there would be common liability between the defendants. However, again assuming no settlement, had the tort claim not been fully litigated by the time Pullum was decided, then there would be no common liability, nor for that matter any liability. See Cassidy v. Firestone Tire and Rubber Co., 495 So.2d 801 (Fla. 1st DCA 1986) (holding that application of a procedural bar to a pending case does not violate due process since there is no vested right in the outcome of such pending case). Had the tort claim still been pending at the time the statute of repose was repealed, it could be argued that there would be common liability again.[5] However, in the present case, the tort claim was settled and, because we do not know when the contribution claim would have been litigated to conclusion, there is no way of knowing whether the statute of repose would have provided a dispositive legal defense to the tort claim.
The competing interests involved here are the right of a litigant to settle versus the right of other litigants to have their day in court and not be bound by a settlement between other parties. Several factors are important to note.
First, it has long been the public policy of Florida to encourage settlement as an alternative to protracted litigation. Further, the contribution statute explicitly recognizes that a party seeking contribution need not show that judgment has been entered against him or against any other party in the tort action in order to obtain contribution.[6] And, a contribution action is not extinguished because some but not all of the tortfeasors settle the tort claim. See Uniform Contribution Among Tortfeasors Act, Section 1(d), Commissioners' Comment (1955 Revision), 12 U.L.A. 65 (Master Ed. *668 1975) cited in Woods v. Withrow, 413 So.2d 1179 (Fla. 1982). See also Rinek v. State Department of Transportation, 442 So.2d 996 (Fla. 3rd DCA 1984).
Second, we take issue with the trial court's finding in the instant case that Athlone settled at its own risk because the state of the law was not clear regarding the constitutionality of the statute of repose at the time of Athlone's settlement of Johnson's tort claim. The trial court observed that "there was never any clear Supreme Court decisions supporting their position at that time." We disagree. Although Battilla, supra, had not been announced, other existing Supreme Court precedent left no doubt that, in the situation that existed in the present case, the statute of repose was unconstitutional.
In Overland Construction Company, Inc. v. Sirmons, supra, the principal case relied upon in Battilla, the Supreme Court in 1979 held that Section 95.11(3)(c), Florida Statutes (1975) (a statute which, similar to the statute of repose involved in our case, absolutely barred suits for certain injuries sustained on real property unless the suit was commenced within twelve years after completion of the improvements to the property), could not be constitutionally applied to bar Sirmons' action for injuries sustained on the property fourteen years after completion of construction. The Supreme Court held that application of the statute's bar to Sirmons' claim would be violative of his right of access to court under Article I, Section 21, Florida Constitution.
In 1980, a few months prior to Athlone's settlement of Johnson's tort claim, the Supreme Court decided Purk v. Federal Press Co., 387 So.2d 354 (Fla. 1980). There, the Supreme Court in a product liability case held that Section 95.031(2), Florida Statutes (1975), was not violative of Purk's right of access to Court because her injury occurred less than twelve years after delivery of the product and Section 95.031(2) was not enacted until after the accident, thus giving Purk two years and nine months (counting the one year provided in Chapter 74-382's saving clause) after the accident within which to bring suit. The Court held that the statute's operation, although somewhat reducing the time by which she would be required to institute suit under the standard four year limitation period, did not violate her constitutional right of access to court. Therefore, her right of action was barred since she did not file suit until after the time period prescribed by Section 95.031(2).
The reason why Purk is significant in our analysis is because of the Supreme Court's heavy reliance in its consideration of Section 95.031(2) upon Overland Construction, supra, and Bauld v. J.A. Jones Construction Company, 357 So.2d 401 (Fla. 1978), the Court's earlier decisions involving Section 95.11(3)(c). After Purk, it was apparent that the rationale of Overland precluding the bar of Section 95.11(3)(c) from operating against a claim for injuries, which occurred over twelve years after completion of improvements and after the enactment of that section, was equally applicable to Section 95.031(2)'s operation upon the kind of situation which we have in the instant case, i.e. a claim for injuries occurring over twelve years after delivery of the product to the original purchaser and enactment of that section. This conclusion was bolstered by the Supreme Court's brief opinion in Battilla which, although dealing with the constitutionality of Section 95.031(2), expressly relied upon Overland and Bauld both of which, as above noted, dealt with a similar statute of repose, Section 95.11(3)(c). Of course, as we earlier noted, the trial court in the tort claim proceeding understandably  in view of the then prevailing Supreme Court opinions  had denied in October, 1980, Athlone's and Advance's motions for summary judgment by which the movants sought to have the court apply the bar of Section 95.031(2).
And so, at the time Athlone settled the tort claim with Johnson, there could have been little doubt but that the statute of repose was going to be of no help to Athlone *669 and Advance in defending against Johnson's tort claim.
We hold that common liability under the contribution statute was not extinguished with the Supreme Court's resurrection of a procedural defense that did not exist and could not have been foreseen at the time of settlement. Although our jurisprudence has not defined the precise meaning of common liability in this context, it has been held in other jurisdictions[7] that common liability refers to the joint causing of damage or injury and not to the actual likelihood of success in a tort action. New Amsterdam Casualty Company v. Holmes, 435 F.2d 1232 (1st Cir.1970). We adopt this view. In a case where a legal defense absolutely establishes a bar to the claim, common liability might be extinguished. However, in the present case, where it is unknown whether such procedural bar would have defeated the underlying tort claim, common liability is not defeated.
Various courts have recognized in the past that a procedural bar between one defendant and the plaintiff may not defeat the contribution claim of a codefendant against that defendant. For example, where a statute of limitations prevents a plaintiff from recovering from one defendant and the plaintiff recovers from another defendant, that other defendant is able to seek contribution from the otherwise protected defendant.[8] In such a case, common liability is not defined in terms of the plaintiff's ability to obtain a judgment against both defendants. Rather, it is the common commission of the tort that creates common liability. Although the instant situation is different in that the potential procedural bar might eliminate liability of both defendants to the plaintiff, where the effect of the procedural bar is unknown, it does not defeat common liability.
Accordingly, the judgment is REVERSED and the cause is REMANDED.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] Appellants are subrogees for Athlone Industries, Inc., but for ease of reference will be sometimes referred to herein as "Athlone".
[2] Advance apparently intended to defend on the grounds that it was not the manufacturer of the machine. That issue has not yet been litigated below. It is only for purposes of this appeal that we assume that Advance is the manufacturer.
[3] This case has apparently experienced rough going in getting to trial. In fact, this Court has already entertained two earlier appeals related to this litigation. Home Insurance Company v. Advance Machine Company, 443 So.2d 165 (Fla. 1st DCA 1983); Home Insurance Company v. C & G Sporting Goods, Inc., 453 So.2d 121 (Fla. 1st DCA 1984).
[4] The Act, as adopted in Florida, appears in Section 768.31, Florida Statutes (1985), pertinent portions of which are set forth as follows:

768.31 Contribution among tortfeasors.
(1) SHORT TITLE. This act shall be cited as the "Uniform Contribution Among Tortfeasors Act."
(2) RIGHT TO CONTRIBUTION.
(a) Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.
* * * * * *
(d) A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement or in respect to any amount paid in a settlement which is in excess of what was reasonable.
* * * * * *
(4) ENFORCEMENT.
(a) Whether or not judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced by separate action.
(b) When a judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced in that action by judgment in favor of one against other judgment defendants, by motion upon notice to all parties to the action.
(c) If there is a judgment for the injury or wrongful death against the tortfeasor seeking contribution, any separate action by him to enforce contribution must be commenced within 1 year after the judgment has become final by lapse of time for appeal or after appellate review.
(d) If there is no judgment for the injury or wrongful death against the tortfeasor seeking contribution, his right of contribution is barred unless he has either:
(1) Discharged by payment the common liability within the statute of limitations period applicable to claimant's right of action against him and has commenced his action for contribution within 1 year after payment, or
(2) Agreed while action is pending against him, to discharge the common liability and has within 1 year after the agreement paid the liability and commenced his action for contribution.
[5] We note Appellee's argument that the repeal of a statute of repose will not revive an action that has already been extinguished. See Corbett v. General Engineering & Machinery, 160 Fla. 879, 37 So.2d 161 (1948) (holding that extension of a statute of limitations does not revive an already extinguished action). However, we need not decide that question.
[6] Section 768.31(2)(a) & (4)(d), Florida Statutes (1985) (reproduced at footnote 4, supra).
[7] Decisions from other jurisdictions are of more significance in the present case than in the usual case because of that provision of the Uniform Contribution Among Tortfeasors Act which states: "This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enact it." Section 768.31(6), Florida Statutes.
[8] Corning Glass Works v. Puerto Rico Water Resources Authority, 396 F.2d 421 (1st Cir.1968). See Showell Industries v. Holmes County, 409 So.2d 78 (Fla. 1st DCA 1982). See generally Kutner, Contribution Among Tortfeasors: The Effects of Statutes of Limitations and Other Time Limitations, 33 Ok.L.Rev. 203, 211-221 (1980).