DOWNEY, Judge.
Appellant Norman Feil was injured on November 20, 1979, at a construction site when he was struck on the head by a delivery chute for concrete, which dropped from a concrete mix truck to which it was attached while being operated. Concrete was in the chute and being poured while the chute was raised and lowered. The truck was owned by Rinker Materials Corporation and operated by one of its employees. Appellant filed suit against Rinker for negligence on June 20, 1980.[1] *1339 On March 26, 1981, a Third Amended Complaint was filed by appellants, Mr. and Mrs. Feil, adding Appellee Challenge Cook Brothers, Inc., the manufacturer of the truck, Appellee Concrete Equipment, Inc., the seller of the truck, and Appellee Monarch Road Machinery, Inc., the manufacturer of the cement chute mechanism, as defendants on a products liability theory. This complaint was deemed by an Agreed Order to be “the Complaint filed in this cause of action.”
The cement mixer was manufacturered in 1968 and the truck was purchased by Rinker on March 23, 1968. It is apparent that appellants filed suit against appellees more than twelve years after the allegedly defective product was delivered to the original purchaser. Appellee Monarch discovered that the date of delivery of the product was more than twelve years prior to the date suit was filed during the deposition of Rinker’s vice-president on June 8, 1983. Accordingly, Monarch and the other defendants amended their answers to include the products liability statute of repose, section 95.031(2), Florida Statutes (1981), as an affirmative defense.
Appellants replied to the affirmative defenses, alleging that the statute of repose was unconstitutional because less than six months remained between the time of the accident and the expiration of the twelve-year period under the statute. Thereafter, appellees moved for summary judgment on the ground that the action was barred by the statute of repose. Summary judgment was granted by the court in favor of appel-lees and this appeal followed.
Appellants contend the trial court erred in granting summary judgment for appel-lees based upon the statute of repose because the injury to Appellant Norman Feil occurred only four months prior to the expiration of the twelve-year period and suit was filed several months after the statute expired. The legal arguments presented are that 1) the time frame involved is so short that to apply the statute in this case violates article 1, section 21 of the Florida Constitution guaranteeing access to the courts, and 2) the statute itself violates the equal protection provisions of the constitution. We reject the appellants’ legal arguments.
We could discuss those arguments at length, but in the interest of economy of time and space we feel that reference to two recent eases from the First District Court of Appeal answers the bulk of the questions presented here. In Pullum v. Cincinnati, Inc., 458 So.2d 1136 (Fla. 1st DCA 1984) and MacRae v. Cessna Aircraft Company, 457 So.2d 1093 (Fla. 1st DCA 1984), that court reviewed all of the recent cases and arguments relative to application of section 95.031(2) and related statutes and synthesized the arguments and holdings presently constituting the law of this state in this area.
Having adopted the rationale of those decisions as our holding here, we need only make one further comment relative to the facts of this case. In applying the twelve-year statute of repose, we must decide on these facts that there was sufficient time remaining after appellants’ cause of action accrued to bring suit so as not to offend the access to the courts provision of the constitution. In Cates v. Graham, 451 So.2d 475 (Fla.1984) our supreme court held that a five to six month period of time to bring suit was sufficient. The court emphasized that a statute of repose is constitutional and does not bar access to the courts when it merely curtails the time within which suit must be filed, as opposed to barring the cause of action entirely. Id. at 476. The four-month period of time in the instant case is admittedly short but, as in Cates, we cannot say that appellant was denied access to the courts by the time constraints. We hold, therefore, that the four-month period remaining is sufficient time to furnish appellants access to the courts.
Implicit in the foregoing holding is the further holding that on the facts of this ease appellants discovered or should have discovered their products liability cause of action on the date of the accident. Appellants contend that they learned of the defect nearly a year after the accident during discovery procedures in this suit. How *1340 ever, we suggest that assertion is based upon a misconception of the meaning of the statute. Section 95.031(2) provides that the limitation period of four years begins to run “from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.” That subsection then adds the repose provision, which provides “but in any event within 12 years after the date of delivery of the completed product to its original purchaser ... regardless of the date the defect in the product ... was or should have been discovered.” The latter provision makes it clear that the former provision regarding accrual of the cause of action is not talking about discovery of the defect in the product but rather discovery of the injury giving rise to the cause of action. Thus, the twelve-year period of repose applies to appellants and is a good defense against their claims.
Accordingly, the judgments appealed from are affirmed.
LETTS and HURLEY, JJ., concur.

. Rinker has since settled with appellant for $500,000 and is therefore not a party to this appeal.