471 So.2d 648 (1985)
Catherine Van Hoosear PHELAN, Appellant,
v.
Donald HANFT, M.D., Appellee.
No. 84-2500.
District Court of Appeal of Florida, Third District.
June 25, 1985.
Barkas & Caldwell and Thomas J. Caldwell, Miami, David Currie, Atlanta, Ga., for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and David B. Mishael and Michael J. Murphy, Miami, for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
We hold that where the record does not conclusively show that the alleged *649 medical malpractice was or should have been discovered within four years of its commission, the plaintiff's action, although brought after the expiration of the four-year statute of repose, is not barred as a matter of law. Accordingly, we reverse the judgment entered in favor of the defendant[1] and remand the cause to the trial court for further proceedings.
The plaintiff alleged in her complaint that on August 14, 1976, the defendant, Dr. Hanft, performed a dilation and curettage (commonly known as a D & C) upon her and informed her that her intrauterine device had been spontaneously expelled during an earlier miscarriage. She alleged that following the D & C, she experienced physical problems, longer menstrual periods, and premenstrual depression. The complaint went on to say that nearly five years after the D & C, on August 4, 1981, another physician performed a hysterectomy on Ms. Phelan, at which time she learned that the intrauterine device had not been expelled, but instead was lodged in and projecting through the wall of her uterus. Within two years of this discovery, on August 1, 1983, the plaintiff sued Dr. Hanft.[2]
Section 95.11(4)(b), Florida Statutes (1975), provides in pertinent part:
"An action for medical malpractice shall be commenced within two years from the time the incident giving rise to the action occurred or within two years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than four years from the date of the incident or occurrence out of which the cause of action accrued... ."
In entering judgment for the defendant, the trial court found that as a matter of law, Ms. Phelan knew or with the exercise of reasonable diligence should have known of the existence of her cause of action within four years of August 14, 1976, the date of the incident. This record does not lend itself to such a finding. While it is undisputed that Ms. Phelan suffered physical and emotional problems shortly after the 1976 surgical procedure, the issue of when she knew or with the exercise of reasonable diligence should have known of the existence of her cause of action against Hanft is one of fact which must be resolved by the fact-finder.
The defendant, however, attempts to defend the judgment in his favor by urging that the four-year limitation period represents an absolute cutoff of the plaintiff's right to sue even if, arguendo, the cause of action were not discovered or could not have been discovered with due diligence until after the expiration of the four years. The plaintiff says that the construction urged by the defendant would render the statute unconstitutional as applied. We agree with the plaintiff.
The rule in Florida is that a statute of repose will be sustained in the face of the constitutional challenge that access to the courts is denied when the cause of action is merely curtailed rather than wholly barred by its effect. See Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978). The corollary rule is that where a claimant's cause of action is barred by the repose provision at the time it first accrues (here, when it was discovered or should have been discovered)[3],[4] and thus *650 no judicial forum is available, the statute of repose will be declared invalid as applied to such claimant. See Universal Engineering Corp. v. Perez, 451 So.2d 463 (Fla. 1984); Diamond v. E.R. Squibb and Sons, Inc., 397 So.2d 671 (Fla. 1981); Overland Construction Co. v. Sirmons, 369 So.2d 572 (Fla. 1979). See also Kenyon v. Hammer, 142 Ariz. 69, 688 P.2d 961 (1984) (the abolition of a cause of action for medical malpractice before the injury was or could have been discovered is the abrogation, not regulation, of the constitutional right of access to the courts). But see Colton v. Dewey, 212 Neb. 126, 321 N.W.2d 913 (1982). This rule, although first arising in the context of products liability and construction defects cases and their attendant statutes of limitations and repose, is equally applicable to medical malpractice cases and Section 95.11(4)(b), Florida Statutes. See Cates v. Graham, 451 So.2d 475 (Fla. 1984); Cobb v. Maldonado, 451 So.2d 482 (Fla. 4th DCA 1984) (on rehearing).
Therefore, if the fact-finder in this case shall ultimately determine that Ms. Phelan discovered or should have discovered her cause of action within two years of August 14, 1976, then, of course, her action would be barred by the two-year limitations period of Section 95.11(4)(b), Florida Statutes. If the fact-finder shall ultimately determine that Ms. Phelan discovered or should have discovered her cause of action within four years of August 14, 1976, then her action would likely be barred by the four-year statute of repose under the reasoning of Cates v. Graham, 451 So.2d 475, and Cobb v. Maldonado, 451 So.2d 482.[5] If, however, the fact-finder concludes that Ms. Phelan did not discover and should not have discovered her cause of action until, as she contends, August 4, 1981, then the statute of repose would unconstitutionally deny Phelan access to the courts and cannot be used against her to bar her claim.
Reversed and remanded for further proceedings.
NOTES
[1] The defendant first moved to dismiss the complaint asserting that on its face it was barred by the applicable statute of limitations, Section 95.11(4)(b), Florida Statutes (1975). Pursuant to an agreement between the parties, the motion was treated as one for judgment on the pleadings.
[2] There is no issue before us as to the timeliness of the suit if the statute of repose is not an absolute bar. Apparently, the parties have proceeded on the assumption that, if not otherwise barred, a plaintiff who discovers the cause of action after the statute of repose has expired would have two years from discovery within which to sue.
[3] See Universal Engineering Corp. v. Perez, 451 So.2d 463 (Fla. 1984) (in action filed pursuant to Section 95.11(3)(c), Florida Statutes, by employees against employers-manufacturers for manganese poisoning discovered post-repose, court stated that with knowledge of when employees knew or should have known that their disease was occupational in origin, date of accrual of cause of action determinable); Meehan v. Celotex Corp., 466 So.2d 1100, 1102 (Fla. 3d DCA 1985) (quoting Creviston v. General Motors Corp., 225 So.2d 331, 334 (Fla. 1969)) ("[T]he accrual [of a cause of action] must coincide with the aggrieved party's discovery or duty to discover the act constituting an invasion of his legal rights."). See also Layton v. Allen, 246 A.2d 794, 799-800 (Del. 1968) (noting "wave of decisions" holding that the cause of action does not accrue in a medical malpractice case until plaintiff has discovered it). Cf. Steiner v. Ciba-Geigy Corp., 364 So.2d 47 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 461 (Fla. 1979) (statute of limitations in medical malpractice action starts to run when incident giving rise to the malpractice is discovered or should have been discovered by plaintiff).
[4] The statement in Bauld that repose provisions cut off the right of action "regardless of the time of the accrual of the cause of action or of notice of the invasion of a legal right," 357 So.2d at 402, merely describes the wording of the legislation without speaking to the constitutionality of the legislation. As the same court later explained, the right of action cannot be constitutionally cut off by repose provisions where the cause of action first accrues or the plaintiff is first on notice of the invasion of a legal right after the statute of repose has expired. See Overland Construction Co. v. Sirmons, 369 So.2d 572.
[5] In Cates and Cobb, the courts held that the four-year statute of repose was not unconstitutional as applied to plaintiffs who discovered their causes of action five to six months and two months, respectively, before the expiration of the statute of repose. Whether a lesser amount of time remaining in the repose period after discovery of the cause of action will satisfy the constitutional right to due process remains an open question.