488 So.2d 531 (1986)
Donald HANFT, M.D., Appellant,
v.
Catherine Van Hoosear PHELAN, Appellee.
No. 67391.
Supreme Court of Florida.
May 22, 1986.
Michael J. Murphy of Gaebe and Murphy, Coral Gables, for appellant.
Thomas J. Caldwell of Barkas and Caldwell, Miami, and David S. Currie of Gray, Gilliland and Gold, Atlanta, Ga., for appellee.
Joel S. Cronin of Cone, Wagner, Nugent, Johnson, Roth and Romano, West Palm Beach, amicus curiae for The Academy of Florida Trial Lawyers.
McDONALD, Justice.
Donald Hanft appeals a decision of the Third District Court of Appeal, Phelan v. Hanft, 471 So.2d 648 (Fla. 3d DCA 1985), wherein the district court reversed a judgment entered on the pleadings in favor of Hanft. Our first concern is whether an appeal as a matter of right exists in this case. Hanft claims that we have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and Florida Rule of Appellate Procedure 9.030(a)(1)(A)(ii). Each of these provisions gives us appellate jurisdiction over, and gives parties the right to appeal, a district court decision declaring invalid a state statute or a provision of the state constitution.
The district court reversed the judgment on the pleadings with directions to allow evidence to be presented on the issue of when Phelan knew or should have known that she had a cause of action against Hanft.[*] The court then set out three alternative rulings as to Phelan's claim depending on how the fact-finder answers this question on remand. First, if the fact-finder determines that Phelan discovered or should have discovered her cause of action within two years of August 14, 1976, the district court ruled that the two-year statute of limitations in section 95.11(4)(b), Florida Statutes (1975), would bar her claim. Second, if the fact-finder determines that Phelan discovered or *532 should have discovered her cause of action within four years of August 14, 1976, the district court ruled that the four-year statute of repose would probably bar her claim. Third, if the fact-finder determines that Phelan did not discover and should not have discovered her cause of action until August 4, 1981, the district court held that the statute of repose would unconstitutionally deny Phelan access to the courts. 471 So.2d at 650.
Article V, section 3(b)(1), Florida Constitution, provides, inter alia, that this Court "shall hear appeals ... from decisions of district courts of appeal declaring invalid a state statute or a provision of the state constitution." We find that by ruling in the alternative, and remanding for a factual determination below, the district court has not declared a state statute invalid as article V, section 3(b)(1) contemplates. Accordingly, the appeal is dismissed. This dismissal of jurisdiction is without prejudice as to any future appeal in this matter should the district court eventually find section 95.11(4)(b) unconstitutional.
It is so ordered.
BOYD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[*] Although Hanft's motion was to dismiss or for a motion for judgment on the pleadings, the trial judge considered facts from Phelan's deposition. This was error. Extrinsic evidence cannot be considered on a motion to dismiss or on a motion for judgment on the pleadings.