505 So.2d 568 (1987)
Ellen M. CARR and Gerow F. Carr, As Parents and Natural Guardians of Jon Timothy Carr, a Minor, and Ellen M. Carr and Gerow F. Carr, Individually, Appellants,
v.
BROWARD COUNTY d/b/a Broward General Medical Center, Etc., et al., Appellees.
Nos. 85-2690, 85-2820 and 4-86-0209.
District Court of Appeal of Florida, Fourth District.
April 8, 1987.
*569 Julius Gonzalez and Laura S. Rotstein of Stanley M. Rosenblatt, P.A., Miami, for appellants.
Bernard & Mauro, Fort Lauderdale, and Steven R. Berger of Steven R. Berger, P.A., Miami, for appellee-North Broward Hosp. Dist., d/b/a Broward General Medical Center.
John W. Thornton and Michael E. Wargo of Thornton, Herndon & Mastrucci, Miami, for appellee-James Weaver, M.D.
Rex Conrad and Valerie Shea of Conrad, Scherer & James, Fort Lauderdale, for appellees-Lauderdale Gynecologic Associates, Robert Grenitz, M.D., and Joseph Raziano, M.D.
HERSEY, Chief Judge.
This case involves the application of a statute of repose to a cause of action for medical malpractice.
On December 20, 1975, appellant, Ellen Carr, delivered a child who was later diagnosed as suffering from severe brain damage.
On September 26, 1985, Ellen and her husband, Gerow F. Carr, filed a complaint against the hospital and the treating physicians. The complaint alleged negligent treatment and that appellants, although exercising due diligence, were "not able to discover the facts and circumstances surrounding ... prenatal and obstetrical care as well as the care rendered ... during birth ..." so that they were unable to earlier discern that negligence had occurred. It was further alleged that the appellees knew or should have known of the negligent treatment and fraudulently concealed these facts from appellants.
*570 Motions to dismiss were granted with prejudice based upon application of section 95.11(4)(b), Florida Statutes (1975).
The applicable portion of that statute provides:
(b) An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued. An `action for medical malpractice' is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. The limitation of actions within this subsection shall be limited to the healthcare provider and persons in privity with the provider of health care. In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred.
The two-year provision is a statute of limitations, not pertinent here. The four-year and seven-year provisions operate as statutes of repose. Both are to be measured from "the incident giving rise to the injury... ." The injury occasioning this litigation, brain damage, is alleged to have resulted either from prenatal care or from treatment at the time of birth. Thus, the latest date on which the "incident" could have occurred is December 20, 1975, so that an action commenced in 1985 is well beyond the seven-year statutory period for repose.
Why, then, is there any question but that appellants' cause of action has been laid to rest by this statute? The answer is that when statutes of repose operate to impinge upon vested rights a court may be required to curtail that effect.
Before we can define the limits within which a statute of repose permissibly operates, we need to distinguish this device from statutes of limitation in two particulars.
First, a statute of limitation bars enforcement of an accrued cause of action whereas a statute of repose not only bars an accrued cause of action, but will also prevent the accrual of a cause of action where the final element necessary for its creation occurs beyond the time period established by the statute. This effect raises certain constitutional questions which will be subsequently examined.
A second distinction may be made with reference to the event from which time is measured. A statute of limitation runs from the date the cause of action arises; that is, the date on which the final element (ordinarily, damages, but it may also be knowledge or notice) essential to the existence of a cause of action occurs. The period of time established by a statute of repose commences to run from the date of an event specified in the statute, such as delivery of goods, closing on a real estate sale or the performance of a surgical operation. At the end of the time period the cause of action ceases to exist.
This brings us to the constitutional issue. Section 21 of Article I of the Florida Constitution of 1968 (tracing back to the constitution of 1838) provides: "The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay." The roots of the constitutional problem are incisively exposed by the following excerpt from Justice Adkin's opinion in Kluger v. White, 281 So.2d 1, 4 (Fla. 1973), although in a slightly different context:
We hold, therefore, that where a right of access to the courts for redress for a particular injury has been provided by *571 statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to Fla. Stat. § 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
Statutes of repose which have been involved in cases reviewed by the supreme court involve medical malpractice, construction and design, and products liability. With certain exceptions, case law evolved under these statutes applies generally to any statute of repose.
It is helpful to keep in mind, when comparing one case with another in this area, that the temporal relationships between four factors play an important role in determining which rules apply. The operative dates are: date of the event triggering the applicable statute of repose; date of accrual of the cause of action; date of expiration of the period of repose; and, the effective date of the statute of repose.
The first case pertinent to our inquiry establishes a general rule for those cases in which the cause of action had accrued at the time the statute became effective, but the time for commencing an action had not run.
In Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978), the court decided that a statute of repose enacted subsequent to the accrual of a cause of action did not impermissibly deny access to the courts if the statute as applied to a particular plaintiff's cause of action provided for a reasonable time within which an action could be brought.
In Overland Const. Co. v. Sirmons, 369 So.2d 572 (Fla. 1979), the court held, as a somewhat necessary corollary to the Bauld rule, that, if application of the statute barred a recognized right before the cause of action ripened (thus allowing NO time within which to file an action), this resulted in an unconstitutional denial of access to the courts. The statute in that case imposed an outside limit of twelve years after the completion of improvements to real property to bring a suit for negligence against the engineer, architect or contractor. Appellee, Sirmons, was injured in a building in the course of his employment more than twelve years after Overland completed its construction. The trial court ruled the statute unconstitutional and permitted the suit against the contractor, Overland, to proceed despite the bar of the statute of repose. Approving this disposition the supreme court held that failure of the legislature either to provide a reasonable alternative in lieu of the right thus abolished, or to show an overpowering public necessity for abolishment and that no other method of meeting that public necessity was available, impermissibly denied access to the courts in violation of the constitution.
In Purk v. Federal Press Co., 387 So.2d 354 (Fla. 1980), plaintiff was allegedly injured because of defective and negligent manufacture of the machine which caused her injury. The applicable statute barring actions for product liability after twelve years from the date of delivery of the finished product to the original purchaser became effective on January 1, 1975. Delivery of the product took place in June of 1961 and plaintiff's alleged injury occurred on April 24, 1973. However, the statute contained a savings clause providing that an action that would have been barred by this statute on its effective date could be commenced at any time until January 1, 1976. Since the savings clause provided a reasonable time within which to bring suit, the statute did not deny access to the courts in an impermissible manner. Appellant lost, nevertheless, having filed her complaint beyond the savings period. This statute of repose has since been substantially altered by chapter 86-272, Laws of Florida, effective July 1, 1986.
Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla. 1980), temporarily *572 strayed from the line of cases delineating the boundaries within which a statute of repose might permissibly operate. In that case, as we gather from the dissent and from discussions in subsequent cases, a negligence action based upon products liability was commenced more than twelve years after the date of delivery of the product to the original purchaser. The court struck down section 95.031, Florida Statutes (1975), as it applied to this case, on the authority of Overland, as an impermissible denial of access to the courts. We will revisit Battilla shortly.
The case of Diamond v. E.R. Squibb and Sons, Inc., 397 So.2d 671 (Fla. 1981), could, in one sense, be considered a logical extension of Overland, but the analogy is strained. In Diamond, parents and afflicted daughter brought an action for negligence in April 1977. The complaint alleged that from July 1955 until April 1956 the daughter, yet unborn, received a drug known as disthylstilbestrol or "stilbetin" used in the treatment of her pregnant mother and that this drug caused cancer or precancerous conditions in female offspring when they reached their teen years or at puberty. Consistent with its holding in Overland the court found impermissible the application of the statute of repose in such fashion that it barred a cause of action before it ever accrued.
It is significant that the defendant was the manufacturer of an allegedly defective product rather than the health care provider who negligently administered the drug to the fetus. The qualifying event, therefore, was delivery of the product in 1956. No consideration was given, at least in the written opinion (unlike in Overland, at 573), to the issue of whether the legislature, in enacting this statute, had or had not shown "an overpowering public necessity ...", the test for constitutionality which was established by Kluger & White. Only in the special concurrence is rationale other than "precedent" explored, and there Justice McDonald found the statute faulty in barring a right of action where the wrong had been committed years before, but "was not recognizable, through no fault of [the plaintiffs], because the injury had not manifested itself." Id. at 672. The case leaves several questions unanswered, including whether, under the fact pattern involved in Diamond, the legislature could ever bar the right by an appropriate showing of public necessity. An inference that the legislature may not validly do so could be drawn from the court's discussion.
In Cates v. Graham, 451 So.2d 475 (Fla. 1984), involving application of the four-year medical malpractice statute of repose contained in subsection 95.11(4)(b), Florida Statutes (1977), the court held that a five to six-month limitation on bringing an action does not impermissibly deny access to the courts.
Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), again involves a defective product and application of the statute of repose. The product was delivered to the original purchaser in November of 1966. Injury occurred in April of 1977. The period of repose was twelve years, as established by section 95.031(2), Florida Statutes (1975). At the time of injury plaintiff had approximately eighteen months, or until November 1978 to commence his action. He filed suit in November of 1980, within the four-year statute of limitations but two years after expiration of the period established by the statute of repose. As in Purk, the court held that a mere reduction in the time permitted for commencement of an action was not denial of access to the courts, a fact conceded by the claimant in the case, who relied instead on an equal protection argument.
The equal protection argument was structured as follows: One injured between the eighth and twelfth years after delivery of the defective product causing injury must commence an action before expiration of the twelve-year period, which may be one, two, three or four years. Purk. On the other hand, since the statute does not apply to one injured after the twelve-year period has run, a result compelled by Battilla, such a claimant injured twelve years and one day after delivery of the defective product has a full four years under the *573 statute of limitations to commence an action. Recognizing the efficacy of this equal protection argument the court receded from Battilla, agreeing with the legislature that "twelve years from the date of sale is a reasonable time for exposure to liability for manufacturing of a product." Pullum, at 659.
Interestingly, and by way of dicta in a footnote, the Pullum court affirmed the viability of Diamond v. E.R. Squibb and Sons, Inc., stating that if the statute of repose were held to apply, there would have been a denial of access to the courts.
Recapitulating, under the present state of the law a statute of repose does not violate the constitutional guarantee of access to the courts even if it abolishes a cause of action or right otherwise protected (a right predating the Declaration of Rights or being part of the common law), provided the legislature either provides a reasonable alternative or overwhelmingly establishes the public necessity for the particular time restraints imposed by the statute. When public necessity is not shown, the statute as applied may be held to deny access to the courts in an unconstitutional manner. Overland. Where such necessity is demonstrated, the statute effectively bars the specified right after expiration of the repose period. This, of course, is the bottom line; the rule the legislature seeks to establish when it adopts a statute of repose. It has been applied by the courts of appeal: See Small v. Niagara Machine & Tool Works, 502 So.2d 943 (Fla.2d DCA 1987); Pait v. Ford Motor Company, 500 So.2d 743 (Fla. 5th DCA 1987); Cassidy v. Firestone Fire & Rubber Co., 495 So.2d 801 (Fla. 1st DCA 1986); American Liberty Insurance Co. v. West and Conyers, 491 So.2d 573 (Fla. 2d DCA 1986); Cobb v. Maldonado, 451 So.2d 482 (Fla. 4th DCA 1984). No Florida Supreme Court case has been called to our attention in which this rule has been the explicit holding. It is, nevertheless, necessarily implied from the language, results, and rationale in the "provided, however" cases that follow.
Provided, however: application of a statute of repose to the case of one whose cause of action had accrued prior to adoption of the statute is permissible only if the claimant has remaining a reasonable time within which to commence an action. Bauld; Purk; Cates; Pullum. The statute will not be applied or is impermissibly applied to the case of one injured by a product where the ill effects of that injury do not manifest themselves within the statutory period. Diamond. The distinction, admittedly a fine line, between ingestion of a dangerous drug and falling through a defective floor is that in the former situation a particular claimant has been injured, or the potential for injury has been initiated, but no symptoms appear before the running of the period of repose, whereas in the latter situation the injury does not occur nor is the claimant particularized until after expiration of the period established by the statute of repose.
In other words, if plaintiff number one has been implanted with the seed that eventually will flower into injury to plaintiff number one, then the "incident" which commences the running of the statute of repose is the eventual manifestation of symptoms of injury, not implantation of the seed.
We have saved for next-to-last, our attempted analysis of another supreme court case, the per curiam opinion in Universal Engineering Corp. v. Perez, 451 So.2d 463 (Fla. 1984), from which Justices Alderman and Boyd dissented. In that case Perez and Rodriguez allegedly suffered manganese poisoning while using machines delivered in 1958 or before. Their contracts with manganese occurred approximately from 1969 to 1972 and they became ill in April and October of 1972, respectively. They filed suit against their employers in 1975 but did not add the designers, manufacturers and installers (the suppliers) of the allegedly defective machines until March 26, 1976.
The trial court had granted summary judgment in favor of the suppliers based upon the four-year statute of repose, section 95.11(3)(c) or section 95.031(2), Florida Statutes (1975). The Third District Court of Appeal reversed on a holding that *574 whether the statute applied was a material issue of fact precluding summary judgment. The district court also said that "the twelve-year ban portion of the statute ... cannot constitutionally be applied to bar appellants' action for recovery." Perez v. Universal Engineering Co., 413 So.2d 75, 77 (Fla. 3d DCA 1982).
The supreme court, referring in its opinion to section 95.11(3)(c) (while pointing out that section 95.031(2) was the more appropriate statute and had probably been relied on by the trial court), noted that the twelve-year repose period had expired. The court determined further that the record was deficient in failing to establish whether the causes of action arose before or after the effective date of the statute. Consequently, said the court, it could not be determined whether or not the savings clause could be invoked.
The following statement in the opinion causes us some difficulty in attempting to apply the case: "Thus, for section 95.11(3)(c) to be unconstitutional as applied, it must operate as an absolute bar to bringing an action. If section 95.11(3)(c) only shortens the time period in which the action may be brought to a reasonable amount of time, then the Florida Constitution is not violated. Bauld." 451 So.2d at 466, 467.
In a footnote, the shortcomings of the statute which mandated the result in Overland were acknowledged and the legislature's attempt to cure the deficiency noted, but the court declined to express an opinion as to whether the corrective language was adequate. Additional language in the opinion concerning statute of limitation problems rather than those involving a statute of repose are equally troublesome, as is the majority's conclusion that: "If, however, the cause of action accrued after January 1, 1975, the claim will be barred by the statute. According to Overland, this would result in an unconstitutional denial of access to the courts; thus the statute would be unconstitutional as applied." Id. at 468.
In Perez, the suppliers of the machines were not sued until March 26, 1976. If the causes of action arose and injury was manifest prior to January 1, 1975, then the savings clause would be activated, but it would not help claimants because the savings period expired on January 1, 1976. This is permissible under Bauld. We recognize that the symptoms of manganese poisoning erupt some time after actual exposure similar to the Diamond experience with "stilbetin." Those symptoms, however, were manifest no later than late 1972. Because the statute came later (1975), Diamond is not an apt analogy and would not preserve the rights of Perez and Rodriguez.
If, on the other hand, these causes of action arose subsequent to January 1, 1975, the statute of repose would presumably operate to terminate them, thus barring plaintiffs' rights of action.
In either event, plaintiffs/appellants would lose if the statute validly applied. Whether the statute of repose impermissibly extinguishes their causes of action under these circumstances would depend on (1) which statute, section 95.11(3)(c) or section 95.031(2) applies and, if the former, (2) whether the legislative language in chapter 80-322, Laws of Florida, is sufficient to overcome the Kluger objection as articulated in Overland. If section 95.031(2) applies, which appears more likely, that statute would almost certainly be held violative of the right of access to the courts, as applied, because of the absence of language of justification in Laws of Florida, Chapter 74-382, which originated this section.
For the foregoing reasons, we confess difficulty fitting the Perez implications into the pattern drawn from the other precedents.
Applying our analysis and preliminary conclusions to the facts of the present case, we briefly conclude. The injury to infant Carr was a completed fact on or before December 20, 1975. The statute was already in effect (January 1, 1975) when the cause of action arose. Whether the Carrs knew or should have known of the "incident" and whether the incident or its effects were fraudulently concealed, *575 their cause of action was permanently barred in December of 1982 by the seven-year statute of repose, if that statute is validly imposed here. Unlike the products liability statute of repose, (section 95.031(2), under which, where fraud is involved, the period runs from "the date of the commission of the alleged fraud") the incident of malpractice begins the period of repose in a medical malpractice case despite fraudulent concealment. Whether public policy supports such a distinction is a matter for the legislature, not this court, to determine.
The medical malpractice statute of repose had its genesis in section 7 of Chapter 75-9, Laws of Florida, the Medical Malpractice Reform Act of 1975. The public necessity for the statutory reform embodied in the act was expressed by the legislature in the preamble as follows:
WHEREAS, the cost of purchasing medical professional liability insurance for doctors and other health care providers has skyrocketed in the past few months; and
WHEREAS, the consumer ultimately must bear the financial burdens created by the high cost of insurance; and
WHEREAS, without some legislative relief, doctors will be forced to curtail their practices, retire, or practice defensive medicine at increased cost to the citizens of Florida; and
WHEREAS, the problem has reached crisis proportion in Florida, NOW THEREFORE, ... .
We here determine, subject to supreme court scrutiny in this or a later appropriate case, that the legislature has established an overriding public interest meeting the Kluger test as applied in Overland and that the statute was therefore validly applied to the Carr's causes of action by the trial court.
By way of postscript, we briefly consider the rendering of our sister court in Phelan v. Hauft, 471 So.2d 648 (Fla. 3d DCA 1985), appeal dismissed, 488 So.2d 531 (Fla. 1986). It seems clear from the recital of facts in that case that the incident occurred and the cause of action arose after the effective date of the applicable statute of repose, and that plaintiff filed the action more than four years after the "incident," a surgical procedure. Judge Daniel S. Pearson for the court, in his customarily logical and eloquent style, determined that the cases we have previously analyzed lead to the conclusion that a statute of repose that bars a cause of action before it accrues is bad. We have come down on the other side of that indistinct line.
We are therefore in conflict with Phelan and hereby certify that conflict to permit the parties to present this important issue to the Supreme Court of Florida. But for the conflict, we would have certified the question.
We therefore affirm.
DOWNEY and LETTS, JJ., concur.