541 So.2d 92 (1989)
Ellen M. CARR, et al., Petitioners,
v.
BROWARD COUNTY, Etc., et al., Respondents.
No. 70545.
Supreme Court of Florida.
March 16, 1989.
Rehearing Denied May 1, 1989.
*93 Laura S. Rotstein of Stanley M. Rosenblatt, P.A., Miami, for petitioners.
Ellen Mills Gibbs, Bernard & Mauro, Fort Lauderdale, Steven R. Berger of Steven R. Berger, P.A., Robert J. Burke of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Miami, and Rex Conrad and Valerie Shea of Conrad, Scherer & James, Fort Lauderdale, for respondents.
Joel S. Cronin of Cone, Wagner, Nugent, Johnson, Roth & Romano, P.A., West Palm Beach, amicua curiae for The Academy of Florida Trial Lawyers.
OVERTON, Justice.
This cause is before the Court on petition for review of the Fourth District Court of Appeal's decision in Carr v. Broward County, 505 So.2d 568 (Fla. 4th DCA 1987). The Fourth District found Carr's medical malpractice action, filed more than nine years after the alleged incident causing brain damage to her newborn child, was barred by the statute of repose provisions contained in section 95.11(4)(b), Florida Statutes (1975). In so holding, the district court acknowledged conflict with Phelan v. Hanft, 471 So.2d 648 (Fla. 3d DCA 1985), appeal dismissed, 488 So.2d 531 (Fla. 1986). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the instant decision and disapprove Phelan.
The facts reflect that in December, 1975, petitioner Ellen Carr gave birth to a baby who was diagnosed as suffering from severe brain damage. Almost ten years later, in September, 1985, Carr and her husband filed a complaint against the hospital and the treating physicians alleging negligent treatment and that the Carrs, despite their due diligence, were unable to discover the facts and circumstances surrounding prenatal and obstetrical care and the care rendered during birth. The trial court granted the respondents' motion to dismiss, applying section 95.11(4)(b). Section 95.11(4)(b), Florida Statutes (1975), reads in pertinent part:
(b) An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due dilegence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued. An "action for medical malpractice" is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. The limitation of actions *94 within this subsection shall be limited to the health-care provider and persons in privity with the provider of health care. In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred.
This statutory section prescribes (1) a statute of limitations of two years; (2) a statute of repose of four years absent fraud or intentional misconduct; and (3) a statute of repose of seven years where there is an allegation that fraud, concealment, or intentional misrepresentation of fact prevented discovery of the negligent conduct.
On appeal, the Fourth District determined that the brain damage injury to the Carr infant was a completed fact at the time of birth and the cause of action was permanently barred after September, 1982, by the seven-year statute of repose provision contained in section 95.11(4)(b). The court applied Kluger v. White, 281 So.2d 1 (Fla. 1973), determining the legislature had found overpowering public necessity for the legislation and the Carrs were not unconstitutionally denied access to courts guaranteed by article I, section 21, Florida Constitution. The court, in so holding distinguished this case from the product liability statute, stating:
Unlike the products liability statute of repose, (section 95.031(2), under which, where fraud is involved, the period runs from "the date of the commission of the alleged fraud") the incident of malpractice begins the period of repose in a medical malpractice case despite fraudulent concealment. Whether public policy supports such a distinction is a matter for the legislature, not this court, to determine.
The medical malpractice statute of repose had its genesis in section 7 of Chapter 75-9, Laws of Florida, the Medical Malpractice Reform Act of 1975. The public necessity for the statutory reform embodied in the act was expressed by the legislature in the preamble as follows:
WHEREAS, the cost of purchasing medical professional liability insurance for doctors and other health care providers has skyrocketed in the past few months; and
WHEREAS, the consumer ultimately must bear the financial burdens created by the high cost of insurance; and
WHEREAS, without some legislative relief, doctors will be forced to curtail their practices, retire, or practice defensive medicine at increased cost to the citizens of Florida; and
WHEREAS, the problem has reached crisis proportion in Florida, NOW THEREFORE, ... .
We here determine, subject to supreme court scrutiny in this or a later appropriate case, that the legislature has established an overriding public interest meeting the Kluger test as applied in Overland [Const. Co. v. Sirmons, 369 So.2d 572 (Fla. 1979)] and that the statute was therefore validly applied to the Carr's [sic] causes of action by the trial court.
Carr, 505 So.2d at 575 (emphasis in original).[*]
In Phelan, the Third District adopted a contrary view, holding that "where the record does not conclusively show that the alleged medical malpractice was or should have been discovered within four years of its commission, the plaintiff's action, although brought after the expiration of the four-year statute of repose, is not barred as a matter of law." 471 So.2d at 648-49. The Third District reversed and remanded the cause for a determination of whether, if the plaintiff did not or should not have *95 discovered the cause of action, the statute of repose would bar her action and unconstitutionally deny her access to courts. The court did not address whether the legislature had established an overriding public interest in accordance with the Kluger test.
In Kluger, we specifically addressed the issue of whether the constitutional guarantee of a "redress of any injury" contained in article I, section 21, bars the statutory abolition of an existing civil remedy. We stated:
[W]here a right of access to the courts for redress for a particularly injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to Fla. Stat. § 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
281 So.2d at 4.
In a series of subsequent cases, we considered the legislative authority to restrict or limit actions by statutes of repose. Cf. Melendez v. Dreis and Krump Mfg. Co., 515 So.2d 735 (Fla. 1987); Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), appeal dismissed, 475 U.S. 1114, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986); Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla. 1980); Overland Constr. Co., Inc. v. Sirmons, 369 So.2d 572 (Fla. 1979). In Pullum, we recognized that statutes of repose are a valid legislative means to restrict or limit causes of action in order to achieve certain public interests. Pullum concerned the statute of repose for actions for products liability and fraud as set forth in section 95.031(2), Florida Statutes (1979). We held that statute did not unconstitutionally violate the access-to-courts provision of article I, section 21, of the Florida Constitution, or the principles enunciated in Kluger, noting:
The legislature, in enacting this statute of repose, reasonably decided that perpetual liability places an undue burden on manufacturers, and it decided that twelve years from the date of sale is a reasonable time for exposure to liability for manufacturing of a product.
476 So.2d at 659. In Pullum, we receded from Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla. 1980), which had held that section 95.031, as applied in a products liability action, unconstitutionally denied access to courts. We concluded that section 95.031 was constitutional even as applied to causes of action which had not accrued until after the twelve-year statute of repose had expired. We recently held that Pullum applied retrospectively to bar causes of action which accrued after Battilla but before Pullum. See Melendez v. Dreis and Krump Mfg. Co., 515 So.2d 735 (Fla. 1987).
We find that the Fourth District Court recognized the principles of Kluger and properly applied them in determining that the legislature had found an overriding public necessity in its enactment of section 95.11(4)(b). Accordingly, we hold that the subject statute was constitutionally enacted and bars the Carrs' medical malpractice action under the circumstances of this cause.
In conclusion, we note the petitioners' claim of fraud is wholly conclusory. Irrespective of that fact, we find the legislature may properly take into account the difficulties of defending against a stale fraud claim in determining a reasonable period for the statute of repose, and further find seven years is an objectively reasonable period within which the legislature may require fraud claims be discovered. We agree with the district court that section 95.11(4)(b) was properly grounded on an announced public necessity and no less stringent measure would obviate the problems the legislature sought to address, and thus the statute does not violate the access-to-courts provision.
*96 Accordingly, we approve the decision of the Fourth District and disapprove the Third District's decision in Phelan.
It is so ordered.
EHRLICH, C.J., and McDONALD and GRIMES, JJ., concur.
KOGAN, J., dissents with an opinion, in which SHAW and BARKETT, JJ., concur.
KOGAN, Justice, dissenting.
I respectfully dissent. I would adopt the opinion of the Third District Court of Appeal in Phelan v. Hanft, 471 So.2d 648 (Fla. 3d DCA 1985). To do otherwise, in my opinion, would cause this statute to be unconstitutional as applied to this petitioner by depriving her of her right of access to the courts in violation of article I, section 21 of the Constitution of the State of Florida.
SHAW and BARKETT, JJ., concur.
NOTES
[*] Following its decision in Carr, the Fourth District concluded that the medical malpractice crisis extended to dentists and included dentists within the purview of the Medical Malpractice Reform Act. See Shields v. Buchholz, 515 So.2d 1379 (Fla. 4th DCA 1987), review dismissed, 523 So.2d 578 (Fla. 1988).