PER CURIAM.
Felix Dampf filed this medical malpractice action within two years after discovering, in 1990, that he had acquired the HIV virus from a 1984 blood transfusion during open-heart surgery. He alleged that the defendants knew of the substantial risks of contracting the deadly disease from the procedure but negligently failed to obtain his informed consent. Further, he alleged, the defendants ignored his request to obtain blood from his relatives if a transfusion were necessary. The trial court dismissed the *369 complaint with prejudice on a finding that the action was barred by section 95.11(4)(b), the four-year medical malpractice statute of repose. We affirm.
Dampf attacks the statute as unconstitutional because it bars access to courts for a cause of action before the cause accrues. We affirm on the authority of recent supreme court cases upholding the constitutionality of the statute. See, e.g., Kush v. Lloyd, 616 So.2d 416, 421 (Fla.1992) (medical malpractice statute represents a legislative determination that there must be an outer limit beyond which suit may not be instituted in order to hold down costs of professional liability insurance); University of Miami v. Bogorff, 583 So.2d 1000, 1004 (Fla.1991) (statute of repose would still bar the plaintiffs action even if cause of action did not accrue before the repose period expired).
Appellant also contends the statutory requirement of section 766.203, that an affidavit of a medical expert opining that the defendant health provider was negligent be attached to the presuit notice, effectively bars access to courts because a plaintiff is required to present proof of a breach of duty and causal relationship before there is an opportunity to make discovery. In light of the affirmance on the first issue, we leave that question for another day.
Affirmed.