STONE, Judge.
We affirm the final order granting summary judgment in favor of Appellees on the authority of Kush v. Lloyd, 616 So.2d 415 (Fla.1992), Carr v. Broward County, 505 So.2d 568 (Fla. 4th DCA 1987), approved, 541 So.2d 92 (Fla.1989), University of Miami v. Bogorff, 583 So.2d 1000 (Fla.1991), Dampf v. Furst, 624 So.2d 368 (Fla. 3d DCA 1993), rev. denied, 634 So.2d 623 (Fla.1994), Padgett v. Shands Teaching Hospital and Clinics, Inc., *1199 616 So.2d 467 (Fla. 1st DCA 1993), Doe v. Shands Teaching Hospital, 614 So.2d 1170 (Fla. 1st DCA), rev. denied, 626 So.2d 204 (Fla.1993), and Whigham v. Shands Teaching Hospital and Clinics, Inc., 613 So.2d 110 (Fla. 1st DCA 1993), rev. dismissed, 634 So.2d 629 (Fla.1994).
Section 95.11(4)(b), Florida Statutes, provides, in relevant part, that a medical malpractice action “in no event shall ... be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.”[1] In the instant case, Francine Damiano, now deceased, received an HIV-infected blood transfusion in June 1986 and tested positive for HIV in April 1990. She sued the appellee/doctor alleging medical malpractice incident to ordering the transfusion.
Applying section 95.11(4)(b), as interpreted by the above cited authority, in order to preserve Appellants’ cause of action, suit was required to be commenced by June 1990, regardless of when Appellants, in fact, discovered that Mrs. Damiano had AIDS. We note that Appellants assert that Mrs. Dami-ano did not discover that she had AIDS until August 1990 although the record reflects that she consulted with her doctor and an infectious disease specialist concerning her HIV positive test results in April and May 1990. At that time, the doctors determined that a likely source of infection was the blood transfusion. The question of the date of discovery was not addressed by the trial court and disputed issues of fact may remain as to that issue. However, because we conclude that the suit had to be filed, in any event, by June 1990, we need not address any dispute over the date of discovery. As the record on appeal indicates that a notice of intent to sue was not filed until February 26, 1992, and suit was not commenced until June 26, 1992, Appellants’ cause of action was barred by the statute of repose.
Notwithstanding the foregoing, we recognize that allowing the harsh repose deadline to bar a suit otherwise filed within the limitations period (which runs from the date that the incident giving rise to the injury was or should have been discovered) may be viewed as uniquely unfair in the context of a disease that often does not reveal itself until well after the repose period will have expired. We note that the supreme court has never directly addressed the application of this statute of repose to a disease that ordinarily does not manifest itself until after the statute runs, thereby raising substantial constitutional questions by depriving a large class of persons of access to the courts. Therefore, we certify the following question to the supreme court:
IS THE MEDICAL MALPRACTICE STATUTE OF REPOSE UNCONSTITUTIONALLY APPLIED, AS A VIOLATION OF ARTICLE I, SECTION 21 OF THE FLORIDA CONSTITUTION, IN BARRING AN ACTION FOR MEDICAL MALPRACTICE WHERE THE INJURY, RESULTING IN AIDS, DOES NOT MANIFEST ITSELF WITHIN THE STATUTORY FOUR YEAR TERM FROM THE DATE OF THE INCIDENT RESULTING IN THE SUBSEQUENT INFECTION?
POLEN and PARIENTE, JJ., concur.

. Because Appellants made no allegations of fraud, concealment, or intentional misrepresen-tatíon, the extension of time applicable to such claims under section 95.11(4)(b) cannot apply.